CITY OF PHILADELPHIA *v.* WESTERN UNION TEL. CO.

*(Circuit Court, E. D. Pennsylvania. October 28, 1889.)*

1. MUNICIPAL CORPORATIONS—TAXATION OF TELEGRAPH COMPANY.
    The city of Philadelphia is not authorized to tax a telegraph company occupying its streets and could not, even if authorized, tax a company engaged in interstate commerce.

2. SAME—LICENSES—UNREASONABLE FEE.
    An ordinance charging a corporation occupying the streets of a municipality license fees amounting, in all, to $16,000 per annum where the cost of supervising

and controlling the corporation for the protection of property and person had for several years been only $3,500 annually, levies a tax, and the ordinance is unreasonable and void.

**3. SAME.**

"An ordinance charging license fees to an amount much greater than the cost of controlling and supervising the licensee cannot be sustained on the ground that demands might be made against the municipality on account of the licensee.

(*Syllabus by the Court.*)

**At Law.** Motion for judgment notwithstanding the verdict on point reserved.

*Assumpsit* against the Western Union Telegraph Company in common pleas No. 4 of city of Philadelphia, removed by defendant to United States circuit court for eastern district of Pennsylvania, to recover license fees for poles and wire privilege erected in Philadelphia by defendant corporation.

*Chas. F. Warwick*, City Sol., and *R. Alexander*, Asst. City Sol., for plaintiff, cited *City of Scranton* v. *Catterson*, 94 Pa. St. 202; Willc. Mun. Corp. 927; Ang. & A. Corp. 298–300.

*Read & Pettit*, for defendant.

BUTLER, J. On the trial defendant presented the following point: "Under the evidence in this case the license fee sought to be recovered by the plaintiff is much more than the cost of the regulation, and excessive—it is therefore unreasonable in law and void—and if you believe the evidence in the case, your verdict must be for the defendant." The point was reserved, and the court submitted the case to the jury under the following instructions: "The city of Philadelphia sues to recover license fees under the ordinance before you. Whether the ordinance is valid or not depends upon the question whether it is reasonable, as respects the amount required to be paid, by the defendant and other similar companies using lines of wire within the city. The city cannot tax these companies, and does not, as declared by counsel, seek to do so. Nor can it prohibit them from establishing and maintaining their lines but it can subject them to proper regulations and supervision, with a view to the protection of persons and property. It is the duty of the city to prescribe such regulations and conditions, and to exercise such supervision. If it failed in this it would be responsible to citizens who might be injured either in person or property. It is readily seen that the construction and maintenance of these lines subjects the city to serious responsibility, and considerable expenditure, and for this the city may demand indemnity and reimbursement. Thus you observe the question is, as before stated, is the ordinance reasonable? The city has power to enact such an ordinance if its exactions are not excessive. In passing upon the question of excessiveness, the city should not be subjected to a contracted or narrow view, but be treated with fair and reasonable liberality. Turning now to the evidence you must determine whether the ordinance is reasonable." The jury have found for the plaintiff, the point must now be disposed of. It embraces the entire case. The validity of the ordinance, judged by the testimony. The

facts were submitted to the jury, for reasons stated at the time—which need not be repeated here.     Nor need we enlarge on the charge respecting the parties' rights.     There is no controversy on the subject; nor is there room for controversy.     The plaintiff cannot tax the defendant,—not only because it is not authorized to do so, but because the state is without power to confer such authority.     The imposition of a tax would be an interference with interstate commerce and thus be an infraction of the federal constitution.     The plaintiff may and is in duty bound, to subject the defendant, and other similar companies to such proper conditions, restrictions, and supervision, respecting lines within its limits, as are necessary to the public safety, and consequently to such charges as will enable it to perform its duty, without loss to itself.     If the ordinance does no more than this it is reasonable, and therefore valid; otherwise it is not.     Does it do more?     The question in view if the evidence, (about which there is no disagreement,) is too narrow to admit of discussion.     A statement of the facts disposes of it.     The experience of several years shows that $3,000 or at the most $3,500 per year is sufficient to cover every expenditure the city is required to make on this account.     The ordinance imposes the payment (in round numbers) of $16,000 annually.     This is five times the amount required.     It seems to follow as a necessary consequence, that the ordinance is unreasonable.     It compels a payment annually of about $14,000 in excess of the amount necessary.     This is a tax pure and simple.     The city cannot collect and lay by a sum to insure itself against imaginary future demands, which may possibly arise.     If it properly discharges its duty of control and supervision no such demands can arise.     It is responsible alone for vigilance and care in these respects.     It may, possibly, at some time, be subjected to expenditure in resisting unjust claims.     This judged by the past, however, is not probable.     A very trifling annual surplus would provide for it.     But as the contingency is remote such provision may well be left until it occurs.     The only embarrassment we have felt in reaching this conclusion arises from the fact that the state courts—the common pleas of this city and the supreme court—adopted a different one in previous suits under this ordinance.     Our very great respect for these courts would impel us to give their judgments controlling weight, if we could find anything to support them in the testimony before us.     Judgment must be entered for the defendant notwithstanding the verdict.