## HUBBARD v. WORCESTER ART MUSEUM.†

(Circuit Court of Appeals, First Circuit. April 9, 1912.)

### No. 960.

**1. APPEAL AND ERROR (§ 1197*)—AFFIRMANCE OR DISMISSAL—JURISDICTION OF LOWER COURT.**

Where the Supreme Court dismissed a writ of error to review a judgment of the Circuit Court for want of jurisdiction, and by mandate directed the recovery of costs and execution and proceedings according to law, the Circuit Court could only proceed to execute its original judgment or the equivalent thereof and comply with the mandate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4667, 4669–4671; Dec. Dig. § 1197.*]

**2. APPEAL AND ERROR (§ 790*)—DISMISSAL—GROUNDS—REVIEW USELESS.**

Where the Supreme Court dismissed a writ of error to review a judgment rendered by the Circuit Court, and issued a mandate to the Circuit Court, a writ of error to the Circuit Court of Appeals sued out within six months after the filing of the mandate from the Supreme Court and proceedings thereon in the Circuit Court, and after the expiration of more than six months after the entry of the judgment in the Circuit Court, brings up only what arose after the mandate was received by the Circuit Court; and, where plaintiff in error could not gain anything from annulling the proceedings after the mandate, the writ of error must be dismissed as a moot case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 47, 3132, 4383, 4384; Dec. Dig. § 790.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Real action by Benjamin W. Hubbard against the Worcester Art Museum. There was a judgment for the tenant (179 Fed. 406), and demandant brings error. Dismissed.

Charles A. Snow (Joseph H. Knight, on the brief), for plaintiff in error.

John C. Gray (T. Hovey Gage and Roland Gray, on the brief), for defendant in error.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. The history of this appeal is as follows: Hubbard brought a real action in the Circuit Court against

the Worcester Art Museum, claiming sundry parcels of land, on which, on August 20, 1910, on full consideration, judgment was entered for the Worcester Art Museum as tenant of the land. This judgment was on the merits. On the 28th day of January, 1911, Hubbard sued out to the Supreme Court a writ of error against this judgment, which was duly entered in that court. The Supreme Court dismissed the writ of error for want of jurisdiction; and thereupon a mandate came down to the Circuit Court, and was filed in the latter court on June 20, 1911, which mandate commanded as follows:

"On consideration whereof, it is now here ordered and adjudged by this court that the writ of error in this cause be, and the same is hereby, dismissed for the want of jurisdiction, and that the said tenant recover against the said demandant, Benjamin W. Hubbard, $40.25, for its costs herein expended and have execution therefor. April 17, 1911.

"You, therefore, are hereby commanded that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding."

The mandate was formally ordered to be entered of record, and was entered of record at the February term, 1911, of the Circuit Court.

On the 26th day of June, 1911, a motion was filed by the Worcester Art Museum, as follows:

"Now comes the tenant, the Worcester Art Museum, and shows to the honorable court that the above-named cause was commenced in this court, tried, and judgment entered against the demandant;

"That the demandant appealed said cause to the Supreme Court of the United States by writ of error, where the judgment of the trial court was affirmed, and said Supreme Court of the United States in its mandate issued the 16th day of June, 1911, says:

"'It is now here ordered and adjudged by this court that the writ of error in this cause be, and the same is hereby, dismissed for want of jurisdiction, and that the said tenant recover against the said demandant, Benjamin W. Hubbard, $40.25 for its costs herein expended, and have execution therefor.'

"Said mandate was filed and entered of record in this cause June 20, 1911.

"Tenant now moves the court for final judgment upon the facts and law as found and laid down by this honorable court, and as affirmed by the honorable Supreme Court of the United States, and for costs and such other or further proceedings as to this honorable court seem just and expedient."

Thereupon the following appears of record:

"On the same day, the foregoing motion for final judgment is allowed by the court, and the following judgment is entered:

"June 26, 1911.

"It is now, to wit, considered by the court, the Honorable Le Baron B. Colt, Circuit Judge, sitting, that judgment be, and the same is, hereby entered for the tenant, Worcester Art Museum, and for its costs taxed at $———."

Afterwards, on the 21st day of December, 1911, more than six months after the entry of judgment on the merits in the Circuit Court, but less than six months after the filing of the mandate from the Supreme Court and the proceedings thereon, a writ of error was sued out by Hubbard from the Circuit Court to this court. This writ of error was duly entered in this court, and in all respects perfected. The defendant therein, the Worcester Art Museum, now

moves that the writ be dismissed for two reasons—one that the proceedings on the writ of error to the Supreme Court were necessarily a bar; but the law and the practice are fully settled the other way.

The other reason assigned is that the present writ was not sued out within the statutory limit of six months from the entry of judgment in the Circuit Court; but the plaintiff in error claims to count the six months from the date of the proceedings on the mandate. In view of the fact that the plaintiff evidently proceeded in good faith in suing out a writ of error to the Supreme Court, there is a strong equity in favor of holding that the period of six months should run from the end of the proceedings thereon. Like equities are sometimes favored by the courts, and are generally provided for by the statutes. Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895. But no such equity exists where the limitation is contained in the statute giving the right. In that case the limit is not strictly a limitation, but merely a condition of the right granted. In Jewett v. U. S., in an opinion passed down by us March 29, 1900 (100 Fed. 832, 41 C. C. A. 88, 53 L. R. A. 568), we examined to some extent the English practice with reference to writs of error, and found that, on a writ of error being returned to the appellate tribunal, the original record went in theory up with it, so that ordinarily the court below was powerless to proceed. If such were the fact here, there could be no question that the six-months period ran from the time the mandate was returned to the Circuit Court; but the statutes of the United States, with reference to writs of error and appeals, allow supersedeas only in exceptional cases specifically guarded. Therefore, with us, the records in the theory of the law remain in the lower tribunal.

At any rate there can be no question that, notwithstanding the pendency of a writ of error in the Supreme Court, the plaintiff below had the right to take out an optional writ of error to the Circuit Court of Appeals, and thus guard himself against the very difficulties that arise here. This is evidently the theory in Union Bank v. Memphis, 189 U. S. 71, 74, 23 Sup. Ct. 604, 47 L. Ed. 712; and Carter v. Roberts, 177 U. S. 496, 500, 20 Sup. Ct. 713, 44 L. Ed. 861.

[1, 2] The Supreme Court, however, having dismissed the writ of error, it is a well-settled rule that, on an affirmance or dismissal, it is not in the power of the lower court to proceed further except by the way of execution of the original judgment, or the equivalent thereof. The proceedings in the Circuit Court after the return of the mandate were wholly inconsistent with the record, and cannot give the present plaintiff in error any advantage. Nothing done by the Supreme Court affected the original judgment of the Circuit Court. Moreover, in no sense could Hubbard derive any advantage from the present writ of error, because the law is settled that this writ of error could bring up nothing except what arose after the mandate was received by the Circuit Court. All that occurred after the mandate was received was the entry of what was in form a judgment, but was in reality nothing. If there was in fact an error there, all that either party could gain from the present writ of error would be the annulling of the proceeding on June 26, 1911. As the plaintiff could not possibly gain anything from that annulment, the rule should be ap-

plied, as often applied in the Supreme Court, that the court will not entertain a writ of error which is thoroughly ineffectual or frivolous, but will dismiss without affirming, or affirm under the color of the motion to dismiss. In the present case the latter formality is evidently useless; and in any view the motion to dismiss must be allowed.

The writ of error is dismissed, with costs for the defendant in error on the motion to dismiss.