## UNITED STATES v. LAZENBY.

(District Court, N. D. Texas, Dallas Division. June 3, 1925.)

**1. Equity ⬅️363—Motion to dismiss waived by answer containing same defense.**

When a motion to dismiss and an answer are filed at the same time, if their scope and effect involves the same defense to the bill, the answer amounts to a waiver of the motion.

**2. Internal revenue ⬅️28—Bill to recover income tax held not subject to motion to dismiss.**

A bill by the United States to recover income tax assessed against a corporation, filed more than five years after return made by the corporation, but alleging that such return was "incorrect, misleading and false," will not be dismissed on motion, as barred under Revenue Act 1924, §§ 277, 278, but the question of limitation will be deferred until evidence is heard as to the facts of the return.

**3. Internal revenue ⬅️28—Limitation of action to recover income tax not extended by dissolution of corporation.**

The dissolution of a corporation liable for income taxes does not extend the time to bring suit for their collection, as limited by Revenue Act 1924, § 277, where under the laws of the state such dissolution does not interfere with the bringing of the suit.

In Equity. Suit by the United States against R. S. Lazenby. On motion to dismiss bill. Denied.

Coke & Coke, of Dallas, Tex., for the motion.

N. A. Dodge, Asst. U. S. Atty., and Henry Zweifel, U. S. Atty., both of Fort Worth, Tex., A. W. Gregg, Solicitor of Internal Revenue, and Mark H. Adams, Sp. Atty., Internal Revenue Department, both of Washington, D. C., opposed.

ATWELL, District Judge. The bill alleges that the Dr. Pepper Company, a corporation, was dissolved on December 15, 1920, at which time the defendant, R. S. Lazenby, was the sole and only stockholder; that prior to the dissolution and dissipation of the Pepper corporation assets, it, the corporation, had on May 7, 1919, filed a corporation income profits tax return for the calendar year 1918, "purporting to be a true and correct statement of the gains, profits, and income from all sources received by or accrued to said company during the calendar year ending December 31, 1918"; that it showed a net income of $1,802.58; that such return was "incorrect, misleading, and false," in that it should have shown a net income of $12,802.58; that the Commissioner of Internal Revenue upon additional information and facts directed a review and audit, and ascertained that the tax due by the dissolved corporation was $3,550.15; that by reason of the dissolution and distribution of all of the assets and property of the said company to the defendant, sole stockholder, the company was left without money, assets, or property of any kind with which to pay the tax that was due to plaintiff; and that the defendant received such money, assets, and property charged with a trust in favor of the plaintiff to the extent of said due tax. The bill prays that the court decree that the corporate assets that passed to the defendant constitute a trust fund for the payment of such taxes, and that the defendant shall account to this court therefor; that the defendant be held accountable to the plaintiff for the taxes to the extent of the assets received by him, etc.

The bill was filed on the 5th day of August, 1924. On November 28, 1924, the defendant filed a motion to strike and an answer. That portion of the Revenue Act pertinent to the five-year limitation provides:

"The amount of income, excess profits, and war profits taxes imposed by the * * * Revenue Act of 1918, and by any such act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

"In the case of a false or fraudulent return with intent to evade tax, or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

Revenue Act 1924 (43 Stat. 253), part of sections 277 and 278.

[1] 1. When, in a court of equity, a motion to dismiss, in the nature of a demurrer, and an answer, are filed at the same time, if their scope and effect involves the same defense to the bill, the answer amounts to a waiver and an overruling of the demurrer, Bryant Brothers Co. v. Robinson, 149 F. 321, 79 C. C. A. 259; Sage Land & Improvement Co. v. Ripley, 192 F. 785, 114 C. C. A. 339; Board of Levee Commissioners v. Tensas

Delta Land Co., 204 F. 736, 123 C. C. A. 40; equity rule 29. The motion to dismiss and the answer were filed on the same date, and the question of limitation is presented in the answer as well as in the motion.

[2] 2. Let us overlook, for the purpose of argument, the improper method of filing the motion and the answer. The face of the bill shows that the return that was filed by the corporation on May 7, 1919, was "incorrect, misleading, and false." Overlooking, also, that tight-laced line of technical cases which hold that the chancellor may not look to any part of the record to ascertain when the suit was filed, unless it appears on the face of the bill, we come at once to the larger and more important question. Do the words "incorrect, misleading, and false" mean the same as either "false" or "fraudulent"? If so, section 278, quoted above, saves the suit from any limitation bar. Courts have written somewhat about these phrases. In Eliott National Bank v. Gill, 218 F. 602, 134 C. C. A. 358, the Circuit Court of Appeals for the First Circuit thought that an "incorrect" return would be a "false" return, but might not, necessarily, be "fraudulent." The Eighth Circuit, in National Bank v. Allen, 223 F. 478, 139 C. C. A. 20, viewed the question in the same way and held that "the full purpose of the law and the rights of all parties may be preserved by construing the word [false] broadly enough to include a return which was made in good faith, but incorrect." See, also, Seaman v. Bowers (C. C. A.) 297 F. 371, second circuit.

But, if a taxpayer renders a return that is "false" or "fraudulent," with the intent to evade the tax, the government can proceed in court at any time. In view of the allegations of the bill that the return made by the corporation was "incorrect, misleading, and false," I believe it to be the safer procedure to hear the evidence. Beam v. Hamilton (C. C. A.) 289 F. 9; United States v. Updike (D. C.) 1 F.(2d) 550; United States v. Scudder (D. C.) 2 F.(2d) 632.

The allegations are sufficient to show that the taxpayer did not make the return in the proper form, and did not finally and fully disclose all of the information necessary to enable the Commissioner of Internal Revenue to determine the true tax liability. The duty of doing so is clearly imposed upon the taxpayer. If that was not done, the taxpayer should not be permitted to take advantage of his own wrongful act, especially if the return he does make is "incorrect, misleading, and false."

[3] 3. The government maintains that the running of the statute may be suspended by causes not mentioned in the statute itself, as when a corporation, by voluntary dissolution and distribution of its assets, prevents either summary collection of a tax, or service of legal process, the running of the statute should be not merely suspended, but should be forever prevented. Reliance is placed upon the well-known case of Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895, and the following cases: Tax Collector v. Hubbard, 12 Wall. 11, 20 L. Ed. 272; Cheatham v. U. S., 92 U. S. 90, 23 L. Ed. 561; Amy v. Watertown, 130 U. S. 323, 9 S. Ct. 537, 32 L. Ed. 953; Bauserman v. Blunt, 147 U. S. 657, 13 S. Ct. 466, 37 L. Ed. 316; Devereaux v. Brownsville (C. C.) 29 F. 751; Brockway v. Oswego (C. C.) 40 F. 615; Muse v. Arlington Co. (C. C.) 68 F. 649; Jackson v. Fidelity Co., 75 F. 365, 21 C. C. A. 394; Alice E. Mining Co. v. Blanden (C. C.) 136 F. 255; Collier v. Goessling, 160 F. 611, 87 C. C. A. 506; In re Lee (D. C.) 171 F. 267; Irvine v. Bankard (C. C.) 181 F. 212; Hubbard v. Worcester Art Museum, 196 F. 873, 116 C. C. A. 433; Irvine v. Elliott (D. C.) 203 F. 112.

The reason of the rule in the foregoing cases is found in the sensibleness of the idea that, whenever the ability to sue is suspended temporarily, such suspension time should be deducted from the limitation period. A dissolved corporation in Texas does not bar the government's right to collect the tax. Under the Texas statute (article 1206, R. S. Tex.) the president and directors, as managers of the corporation, "by whatever name they may be known in law, shall be trustees of the creditors * * * of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution," and the existence of the corporation may be continued for three years after its dissolution for the settlement of its affairs. Article 1208 of the statute also provides for the bringing of a suit against any of the stockholders at the time of dissolution without joining the corporation, and they will be liable for any judgment rendered, etc.

That the instant suit is not against the original taxpayer, but is at equity against a person who received all of the assets of the taxpayer, must not prevent a reasonable view of the statute of repose which Congress evidently intended. The language of the

statute is that "no proceeding in court for the collection of such taxes shall be begun after the expiration of such period." Certainly there can be no other object in the present suit. It is for the collection of a tax. While I do not think that a narrow construction of the statute should be made, I am of the opinion that the first two criticisms of the motion to dismiss are well taken.

The motion is denied, and an order will be drawn accordingly.