# SUPREME COURT.

ZACHARIAH DEDERICH *et al.*, respondents, agt. E. A. McALLISTER, appellant.

*Statute of limitations — onus of showing residence.*

It does not require more than a *prima facie* case to shift the burden of proof upon the defendant, where his actual residence is a fact peculiarly within his own knowledge, although the burden of proof to show that he had resided out of the state was originally upon the plaintiff.

The place of business of a party need not necessarily be his place of residence; but long-continued business at a particular place is, in the absence of any thing to the contrary, presumptive evidence, and devolves upon the party against whom the presumption arises the burden of overcoming it.

*General Term, First Department, May,* 1875.

APPEAL from judgment entered on direction of court.

*John A. Mapes,* for respondents.

*Steel & Boyd,* for appellant.

DAVIS, *P. J.* — The answer alleged that the cause of action did not accrue within six years next before the commencement of the suit. The production of the note in suit and proof of the time of service established the defense. It was for the plaintiff then to show that the defendant was not within the protection of the statute.

With that view evidence was given which, it is claimed by plaintiffs, tended to show that defendant was, and had been for some years, a non-resident of the state, and changed the burden of showing residence in this state upon the defendant.

Dederich agt. McAllister.

The question is certainly a close one; but I am of opinion, on careful examination, that the judge at circuit ruled upon it correctly.

The first witness was the person who served the summons and complaint. He did not know the defendant, but called at a house in the ninth ward of the city of New York, and inquired for Mrs. E. A. McAllister. A person came down who answered to that name, and upon whom service was made. As the defendant appeared and answered upon that service, it must now be presumed that her identity is sufficiently established. The defendant then stated that she had been in business, before the war, somewhere in the south; that the business was broken up by the war, and she had been unable to proceed with it; that she was going south the next day, and that "if I would take the summons and complaint, she would go down and see the plaintiffs the next morning before going home." He was also asked, "Did she state where she was in business?" and answered, "She said it was somewhere in the south; I do not remember the particular place."

One William W. Shumway testified that he was in the straw millinery goods business, in this city; that he had known defendant about ten or twelve years; that she had been a customer of his nearly all that time, and is now; that defendant lived and did business a little before the war, in New York; that he did not know whether she resided in New York or not in 1860; that he sold goods to her before the war, and sent them to her at Aberdeen, Mississippi; that he had sold goods to her since the war, at the same place; that he did not know of her residing in the city of New York since the war; that she had been here a great deal; "she comes on and shops almost a month together;" that he supposed "she makes her home in Aberdeen."

Both parties rested on this evidence, and the court directed a verdict for plaintiffs.

The place of the defendant's actual residence was a fact so peculiarly within her own knowledge that, although the bur-

Dederich agt. McAllister.

den of proof to show that she had resided out of the state was upon plaintiff, it did not require more than a *prima facie* case to shift the burden, or rather to put defendant upon the rebuttal of such case.

It was pretty clearly shown that her business was and had been for ten or twelve years at Aberdeen, Mississippi; that she came to New York and staid for limited periods; that she said, when served, that she was going home, naming some place in the south.

The place of business of a party need not necessarily be his place of residence; but long-continued business at a particular place is, in the absence of any thing to the contrary, presumptive evidence, and devolves upon the party against whom the presumption arises the burden of overcoming it.

The judgment must therefore be affirmed.

DANIELS and LAWRENCE, JJ., concurred.