Josiah H. Helmer, Respondent, *v.* Bartlett Minot, Appellant.

*Statute of Limitations — what establishes a prima facie case of the debtor's absence from the State — burden of proof.*

In an action brought to recover from the maker of a promissory note, by the indorser thereof, the amount the indorser was compelled to pay the holder, with interest, the defense relied upon was the Statute of Limitations. It was shown that the note was payable at the end of one year and was dated November 21, 1868; that the defendant was a resident of the city of Lockport, and was there engaged in business until the spring of 1869; that during the spring or summer of that year he removed his goods to the State of Illinois, and left Lockport, stating that he intended to remove to Illinois, and thereafter his correspondence with a certain resident of Lockport was dated from Bloomington, Illinois; that he was not seen in Lockport until about the year 1872, when he returned with the dead body of his wife for burial. He then stated that he was residing in Dakota, to which place he intended to return within a week.

There was also proof tending to show that he was seen in the State of New York some time thereafter, but when it was, did not appear. In 1891 he returned to the State of New York to attend his father's funeral, at which time the action in question was commenced. He then stated that he had come from the State of Washington. The defendant's brother testified that he was a resident of the State of New York, and did not know of the defendant's residing within the State since he left it in 1869.

*Held*, that a *prima facie* case was established of the defendant's absence from the State, and that the burden of proof then rested upon the defendant to show his presence therein, after the indebtedness to the plaintiff accrued, for a sufficient length of time to bar the claim.

APPEAL by the defendant, Bartlett Minot, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day of July, 1893, upon the decision of the court after a trial at the Monroe County Circuit before the court without a jury.

*Delbert A. Adams*, for the appellant.

*T. S. Dean*, for the respondent.

LEWIS, J.:

The plaintiff, at the request of the defendant, and for his accommodation, became a surety upon the promissory note of the defendant dated November 21, 1868, due in one year from date. The defendant failed to pay the note at maturity, and the plaintiff was compelled to and did pay the amount of the note to the holder.

This action was commenced on the 31st day of October, 1891, to recover the amount paid, with interest; the defense relied upon is the Statute of Limitations. The evidence tended to show that the defendant was, at the time of making the note, and up till the spring of 1869, a resident of the city of Lockport, and was there engaged in business; that he closed his business during the spring or summer of that year and shipped his goods to the State of Illinois, and left the city of Lockport, stating that he intended to remove to the State of Illinois; he thereafter corresponded with a resident of the city of Lockport, dating his letters from Bloomington, Illinois. Up to the time of leaving Lockport he had been seen in that city from day to day; after his removal he was not seen in Lockport until about the year 1872, when he returned there with the dead body of his wife for burial. He then stated that he was residing in Dakota; that he had taken up some government land there, and that he intended to return to Dakota in about one week. There was proof tending to show that he was seen in this State some time thereafter, but when, did not appear. He returned again into this State in the year 1891, to attend his father's funeral, at which time this action was commenced. He then stated that he had come from the State of Washington. The defendant's brother testified that he was a resident of Clarkson, in this State, and that he did not know of the defendant residing in this State since he left it in 1869.

These facts having been established by the plaintiff, it made a *prima facie* case of absence of the defendant from the State, and put the burden of proof upon him to show his presence in the State after the indebtedness to the plaintiff accrued for a sufficient time to bar the claim, that is, for six years.

Section 401 of the Code of Civil Procedure provides that, "If, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor, after his return into the State." (*State Bank* v. *Seawell*, 18 Ala. 619 ; *Nixon* v. *Palmer*, 10 Barb. 178 ; *Mayer* v. *Friedman*, 7 Hun, 218.)

The trial court found, as facts, upon evidence sustaining the findings, that before the maturity of the note, defendant, who prior thereto had been a resident of the city of Lockport, in this State, left said State and went to the State of Illinois, where he took up his residence ; and that ever since that time the defendant has continued to reside without the State, and has remained continuously without the State except upon two or three occasions when he was temporarily here as stated above, and held that the plaintiff was entitled to judgment against defendant for the amount due upon the note. We find no reason for disturbing the judgment. It should be affirmed.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment appealed from affirmed.