GOLDBERG v. LACKSHIN.

(Supreme Court, Appellate Term, First Department.  February 7, 1913.)

LIMITATION OF ACTIONS (§ 195*)—BURDEN OF PROOF—ABSENCE FROM STATE.
> Where plaintiff in an action for goods sold made a prima facie show-
> ing of defendant's absence from the state after the sale and delivery, the
> burden was on defendant to show his presence in the state after the in-
> debtedness accrued for a sufficient time to bar the action by limitations.
>> [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
>> 711–716;  Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Morris Goldberg against Hyman Lackshin.   From a
judgment for defendant, plaintiff appeals.   Reversed, and new trial
ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and
PAGE, JJ.

Max Lessler, of New York City, for appellant.
Albert Gross, of New York City, for respondent.

LEHMAN, J.   The plaintiff sued for goods sold and delivered to
the defendant between October 6, 1905, and November 26, 1905.   The
answer of the defendant consists of a general denial and a plea of
the statute of limitations.   At the trial the plaintiff gave some testi-
mony, very general in form, as to the sale and delivery of the goods
in question, and also presented testimony which showed prima facie
that the defendant had removed to Russia and resided there for some
time after the goods were sold.   At the close of the plaintiff's case
the defendant moved to dismiss the complaint—

"on the ground that he failed to show a delivery of the goods, except the
items of October 21st, October 19th, and October 23d, and upon the further
ground that he has not proved facts sufficient to take it without the statute
of limitations."

The trial justice then stated that he reserved decision on this mo-
tion.   The defendant then rested, without introducing any evidence,
and the trial justice gave judgment in defendant's favor.   The de-
fendant now seeks to sustain this judgment on the ground that the
evidence is insufficient to show a delivery.   The testimony on this
point is very vague, but the defendant conceded that there was suf-
ficient proof of delivery as to three items, and the plaintiff was en-
titled to judgment for the amount of these items at least, if the stat-
ute of limitations did not bar the action.   The plaintiff—

"made a prima facie case of absence of the defendant from the state, and put
the burden of proof upon him to show his presence in the state after the in-
debtedness to the plaintiff accrued for a sufficient time to bar the claim; that
is, for six years."   Helmer v. Minot, 75 Hun, 309, 27 N. Y. Supp. 79.

Judgment should therefore be reversed, and a new trial ordered,
with costs to appellant to abide the event.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes