## MEISUKAS v. GREENOUGH RED ASH COAL COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 229. Argued May 2, 1917.—Decided May 21, 1917.

The right to challenge the jurisdiction of the District Court over the person of the defendant is not waived by a special appearance for that purpose, by a postponement of the hearing at the instance of the plaintiff for the purpose of enabling him to be fully heard on the subject of jurisdiction reserving the right of defendant to plead to the merits if jurisdiction be sustained, or by an order of the court, *sua sponte*, directing plaintiff to amend his complaint so as to disclose citizenship more fully before the hearing on the jurisdictional question.

A motion to quash is a proper mode of attacking service and jurisdiction thereon depending in the District Court; the Conformity Act does not require resort to a demurrer for this purpose even though the state procedure does. So *held* where the motion was based on the grounds that defendant corporation was not doing business or possessed of property in the State and on want of representative capacity in the person served.

Affirmed.

The case is stated in the opinion.

*Mr. Jesse C. Adkins*, with whom *Mr. Alvin C. Cass*, *Mr. Baltrus S. Yankaus* and *Mr. Frank J. Felbel* were on the brief, for plaintiff in error.

*Mr. Charles W. Pierson*, with whom *Mr. Clifton P. Williamson* was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Alleging himself to be a citizen of New York and a resident in the eastern district, the plaintiff in error sued below to recover from the defendant in error the amount of damages alleged to have been by him suffered as the result of an explosion of dynamite while he, the plaintiff, was engaged as a servant of the defendant in working in a coal mine belonging to and operated by it near Shamokin, Pennsylvania. The defendant was alleged to be a corporation created under the laws of the State of Pennsylvania and a resident of that State having its principal place of business at Shamokin. It was alleged, however, as a basis for jurisdiction that the corporation carried on business in the State of New York and had property therein. The summons was personally served upon the president of the corporation who was found in the Borough of Manhattan in the southern district.

Upon the complaint and summons and an affidavit of its president, the corporation, appearing specially "for the sole and single purpose of objecting to the jurisdiction of this court over the defendant in this action," moved "to set aside and declare null, void, and of no effect the attempted service of the summons" upon the ground that the corporation had no property in the State of New York and transacted no business therein and although its pres-

ident was personally served while temporarily in the southern district of New York he was there engaged in the transaction of no business for or on account of the corporation and had no authority so to do. A hearing was ordered on the motion. At the hour fixed for the hearing at the request of the plaintiff it was continued, the court, however, in express terms subjecting the continuance to the condition that the defendant should not lose his right to plead to the merits if on the hearing on the question of jurisdiction on the postponed day authority to entertain the cause was sustained. In addition the plaintiff was ordered within six days to file an amended complaint "showing whether the plaintiff is an alien or a citizen of the United States, and if a citizen whether native born or naturalized, and the date and place of such naturalization, if any." The amended complaint was filed showing the plaintiff to be an alien and subsequently on the hearing on the motion to quash the summons an affidavit for the purpose of supporting the jurisdiction was filed on behalf of the plaintiff. It is true, however, to say that this affidavit did not rebut the facts as to the non-doing of business and the absence of property of the corporation in the State of New York and the want of authority on the part of its president upon whom the summons had been served to represent the corporation or transact any business in New York in its behalf. The summons was quashed and the suit dismissed and the direct appeal which is before us on the question of jurisdiction was then taken.

Despite some apparent contention to the contrary there is no room for any controversy concerning the facts upon which the court below based its action, that is, the non-doing of business by the corporation in New York and the absence of authority in its president to represent it there. Indeed the argument freely admits this and proceeds upon the theory that although the facts clearly

establish the correctness of the ruling below if they are considered, yet they are not subject to be so considered because the challenge to the jurisdiction was waived by the proceedings which were taken to question it. Generically this would seem to rest upon the proposition that because there was a special appearance on the face of the summons and complaint challenging the jurisdiction, thereby the right to so challenge was waived. But the contrary has been so long established and is so elementary that the proposition need be no further noticed.

Although this be true, the argument further is that the right to be heard on the challenge to the jurisdiction was lost because of the postponement of the hearing on that subject which was granted. This, however, in a different form but embodies the error involved in the proposition just disposed of. But aside from this, as the continuance was granted at the request of the plaintiff and for the purpose of enabling him to be fully heard on the subject of jurisdiction, no further reference to the proposition is required. Again, it is urged that because as a condition of the continuance the court reserved the right of the defendant to plead to the merits if on the hearing jurisdiction was found to exist, therefore the question of jurisdiction was waived,—a conclusion which is again too obviously wrong to require more than statement to refute it. Moreover, it is insisted that as the order directing the plaintiff to amend so as to fully disclose citizenship before the day for the hearing on the motion as to jurisdiction was an exercise of jurisdiction resulting from some suggestion of the defendant, therefore the question of jurisdiction was not open. But this disregards the fact that the order in question was expressly made by the court doubtless in the discharge of its duty to see to it that from no point of view was its jurisdiction abused.

Finally, it is said that as under the local law the right to challenge the summons and the jurisdiction resting

on it could only have been raised by demurrer, therefore under the Conformity Act (§ 914, Rev. Stats.) the motion to quash the summons could not be entertained and on the contrary should have been disregarded. We do not stop to discuss the proposition since it is too clear for discussion that its want of merit is foreclosed by previous decisions of this court which have recognized and upheld the practice of challenging the jurisdiction under circumstances like those here present by way of motion to quash instead of by demurrer. *Goldey* v. *Morning News*, 156 U. S. 518; *Wabash Western Railway* v. *Brow*, 164 U. S. 271; *St. Louis Southwestern Ry. Co.* v. *Alexander*, 227 U. S. 218.

*Affirmed.*