### S. M. HESS & BRO. v. SMALL.

(District Court, E. D. New York. April 20, 1923.)

Courts ⬅354—Rule of practice authorizing summary judgment in state courts in action on contract applicable to federal courts.

Rules of Civil Practice of New York, rule 113, authorizing the striking of the answer and the entry of summary judgment in an action on contract, when the affidavit of plaintiff or other person having knowledge of the facts is filed, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action, unless the defendant, by affidavit or other proof, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, is applicable under the Conformity Act (Rev. St. § 914 [Comp. St. § 1537]) to cases pending in the federal courts.

At Law. Action by S. M. Hess & Bro. against Peter S. Small. On motion for summary judgment on affidavit of merits. Motion granted.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sullivan & Cromwell, of New York City, for plaintiff.
Harry W. Moore, of Mineola, N. Y., for defendant.

GARVIN, District Judge. Plaintiff moves for an order, under rule 113 of the Rules of Civil Practice of the state of New York, granting summary judgment on the first cause of action set forth in the amended complaint. This rule reads as follows:

"Rule 113. *Summary Judgment.* When an answer is served in an action to recover a debt or liquidated demand arising (1) on a contract, express or implied, sealed or not sealed; or (2) on a judgment for a stated sum, the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action, unless the defendant by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to entitle him to defend."

This is applicable to cases pending in the federal courts under section 914, United States Revised Statutes (Comp. St. § 1537), often referred to as the "Conformity Act," which reads:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

The action is for goods sold and delivered. The second amended answer of defendant's raises no issue except that of delivery. Plaintiff has filed affidavits on this application, under rule 113, supra, which establish delivery, if uncontradicted. No affidavits have been filed in reply. It is clear, therefore, that there is no defense.

It has been held that rule 113 is not unconstitutional. General Investment Co. v. Interborough Rapid Transit Co., 235 N. Y. 133, 139 N. E. 216. Although I am referred to no authority in which a federal court has discussed the rule in question and considered it in connection with an application of this character, I find no difficulty in holding that it is binding upon this court.

Application granted.