### UNITED STATES v. SCUDDER et al.

(District Court, E. D. New York. February 26, 1924.)

**1. Internal revenue ⪪⟞28—Motion to set aside service proper, where action for taxes clearly barred by limitations.**

Under Revenue Act Nov. 23, 1921, § 1320 (Comp. St. Ann. Supp. 1923, § 6371⅘i), providing limitation of five years in proceedings for collection of internal revenue taxes, motion to set aside service and to quash is the proper practice, where action is clearly barred by statute, especially in view of Rules of Civil Practice N. Y. rule 107.

**2. Courts ⪪⟞334—Federal courts conform to state practice in actions for collection of internal revenue.**

In actions by the United States to collect internal revenue taxes, federal courts conform to state practice.

**3. Limitation of actions ⪪⟞119(2)—Delivery of summons to marshal held not commencement of action.**

In view of Civil Practice Act N. Y. §§ 16, 17, action to collect internal revenue tax was not commenced, so as to avoid bar of Revenue Act Nov. 23, 1921, § 1320 (Comp. St. Ann. Supp. 1923, § 6371⅘i), by delivery of summons to marshal for service within 5 years without service or commencement of publication within 60 days thereafter.

**4. Internal revenue ⪪⟞28—Motion to vacate and quash service in action to collect revenue, because of limitations, held properly denied.**

In action by United States to collect internal revenue, no fraud being alleged, but complaint containing allegations that return filed was incorrect, misleading, and false in certain particulars, motion to set aside service and quash, because of running of limitations, will be denied in view of Revenue Act Nov. 23, 1921, § 1320 (Comp. St. Ann. Supp. 1923, § 6371⅘i), excepting from five-year limitation cases of fraud with intent to evade tax or willful attempt to defeat or evade tax.

At Law. Action by the United States against Lawrence W. Scudder and another, executors of the estate of Moses L. Scudder, deceased, to recover transfer taxes. On motion to vacate and set aside service of

summons and to dismiss complaint. Motion denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City.

Dunnington, Walker & Gregg, of New York City, for defendant Marvyn Scudder, appearing specially and not otherwise.

CAMPBELL, District Judge. This is a motion to vacate and set aside what is alleged to be an attempted service of the summons in this action on the defendant Marvyn Scudder, individually and as one of the executors of Moses L. Scudder, deceased, to quash the marshal's return thereon, and to dismiss the complaint on the ground that the court never acquired jurisdiction over the defendant Marvyn Scudder, in that the action was not begun as prescribed in section 1320 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6371⁴/₅i).

Moses L. Scudder, the deceased, departed this life on the 29th day of October, 1917, leaving an estate which became subject to a tax under the laws of the United States. So much of the law as is necessary for consideration in the instant case on that point is found in section 204 of the Revenue Act of 1916, as amended March 3, 1917, and October 3, 1917, which reads as follows:

"Sec. 204. That the tax shall be due one year after the decedent's death. If the tax is paid before it is due a discount at the rate of five per centum per annum, calculated from the time payment is made to the date when the tax is due, shall be deducted. If the tax is not paid within ninety days after it is due interest at the rate of ten per centum per annum from the time of the decedent's death shall be added as part of the tax, unless because of claims against the estate, necessary litigation, or other unavoidable delay the collector finds that the tax cannot be determined, in which case the interest shall be at the rate of six per centum per annum from the time of the decedent's death until the cause of such delay is removed, and thereafter at the rate of ten per centum per annum. Litigation to defeat the payment of the tax shall not be deemed necessary litigation." Comp. St. § 6336½e.

It thus appears that the cause of action alleged in the complaint accrued on October 29, 1918. The summons in the instant suit was delivered to the marshal for service on the defendant prior to the 29th day of October, 1923, but was not served until January 21, 1924, and defendant contends that the 5-year statute of limitations applies. So much of the law as is necessary for consideration in the instant case on that point is found in section 1320 of the Revenue Act of 1921, and reads as follows:

"Sec. 1320. That no suit or proceeding for the collection of any internal revenue tax shall be begun after the expiration of five years from the time such tax was due, except in the case of fraud with intent to evade tax, or willful attempt in any manner to defeat or evade tax. This section shall not apply to suits or proceedings for the collection of taxes under section 250 of this act, nor to suits or proceedings begun at the time of the passage of this act."

[1] The motion to set aside service and to quash is the proper practice in the federal courts, where the action is clearly barred by the statute. Meisukas v. Greenough Red Ash Coal Co., 244 U. S. 54, 37 S. Ct. 593, 61 L. Ed. 987.

[2] The federal courts do conform to the state practice, and if the instant case was one which under the statute was clearly barred the question could be raised by motion. S. M. Hess & Bro. v. Small (D. C.) 288 F. 995. So much of rule 107 of the Rules of Civil Practice of the state of New York as is necessary for consideration in the instant case reads as follows:

"Rule 107. Within twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, on the complaint and affidavit stating facts tending to show:

"1. That the court has not jurisdiction of the person of the defendant. * * *

"6. That the cause of action did not accrue within the time limited by law for the commencement of an action thereon."

This rule has been applied in the state courts where the defendant has moved on the pure question of the statute of limitations. Stern v. Auerbach, 203 App. Div. 681, 197 N. Y. S. 295; Koerner v. Apple, 120 Misc. Rep. 266, 199 N. Y. S. 171.

[3] If the statute is a good defense in the instant case the plaintiff cannot avoid it by contending that the action was begun by delivering the summons to the marshal before the expiration of the five-year period, because no such delivery could be held to constitute the beginning of the action, unless within 60 days thereafter the summons was personally served or publication was commenced. See sections 16 and 17 of the

Civil Practice Act of the state of New York, which read as follows:

"Sec. 16. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him.

"Sec. 17. An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county, in which that defendant, or one of two or more codefendants who are joint contractors or otherwise united in interest with him, resides or last resided; or, if the defendant is a corporation, to a like officer of the county in which it is established by law or wherein its general business is or was last transacted or wherein it keeps or last kept an office for the transaction of business. But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons or by service thereof without the state, upon the defendant sought to be charged, or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner or by substituted service of the summons on such defendant within the state pursuant to an order."

Publication was not commenced within 60 days after October 29, 1923, and personal service was not made until January 21, 1924, which was 84 days after the expiration of 5 years from the date of the accrual of the tax.

[4] Therefore, if I could say as a matter of law that the statute was a complete defense, I would have no hesitation in granting this motion, but in my opinion I cannot so hold, because the statute, section 1320 of the Revenue Act of 1921, supra, contains the exception "or willful attempt in any manner to defeat or evade tax." These words have not, so far as I can find, been construed by the courts, and I do not believe that I should on this motion attempt to determine whether they can be held to apply in the instant case without hearing the evidence.

No fraud is alleged, but the complaint alleges that the return filed was incorrect, misleading, and false in certain particulars therein enumerated. Some of the enumerated particulars refer to difference in valuation, which may simply represent differences of opinion as to values, but as to funeral expenses, executor's fees, miscellaneous administration expenses, and debts of the decedent, it alleges that there were none allowable as deductions.

While it may well be that these differences result solely from an honest difference of opinion as to the interpretation of the law, they could have arisen from a willful attempt to evade the tax in part, and I do not believe that I have the right, without hearing the evidence, to hold that the statute of limitations is a complete defense in the instant suit. On a trial the evidence will show whether the instant case comes under the exception in the statute of limitations, and if it does not then the defendant will receive the benefit of the statute if properly pleaded.

The motion is denied, with leave to the defendant to answer or demur within 20 days after service of the order to be entered hereon.