## CREAGER v. P. F. COLLIER & SON CO. et al.

District Court, S. D. Texas, at Brownsville.
November 29, 1929.

No. 640.

See, also, 36 F.(2d) 783.

Kennerly, Williams, Lee & Hill, of Houston, Tex., and Davenport, West & Ransome and Graham, Graham & Graham, all of Brownsville, Tex., for plaintiff.

Seabury, George & Taylor, of Brownsville, Tex., for defendants.

HUTCHESON, District Judge. Plaintiff, a resident citizen of the Southern District of Texas, files suit against the two defendants, alleging them to be corporations organized and existing under the laws of the states of Delaware and New Jersey, respectively; that this is a suit between citizens of different states, and that the defendants are doing business in the state of Texas with agents and representatives, and an office in Houston, in the Southern District of Texas, and other places in the state of Texas.

Process was issued to and served in the Northern District of Texas on one Smalley, as agent of the defendant P. F. Collier & Son.

Defendant P. F. Collier & Son Company timely appeared, "for the special limited purpose of filing the motion to quash," alleging in said motion that the citation and return were invalid, because (a) served out of the territorial limits of the Southern District of Texas; (b) upon one not an agent of the defendant, and the motion prayed that the citation be vacated as invalid and held for naught.

In support of its motion defendant offered the writ, showing issuance to and serv-

ice in the Northern District of Texas, and affidavits denying the agency of Smalley.

These affidavits plaintiff contested with a mass of proof tending to show the contrary, and, in addition, as to the writ itself, contended:

(1) That defendant's appearance, being in form to quash citation, and not a plea to the jurisdiction, had the effect, under the statutes of Texas, of an appearance of the defendant to the next term of court.

(2) That the process was lawfully issued and served, (a) because the suit was of a local nature; (b) because under section 52 of · the Judicial Code, section 113, United States Code, Title 28 (28 USCA § 113), and section 10 of the Act of 1902 (32 Stat. 68), relating to the four judicial districts in Texas, service of process outside of the district was valid.

Upon the points raised plaintiff has filed an exhaustive brief, so earnest, so vigorous, so forceful, and astute that it almost has served to make the worse cause seem the better.

■ The point made by plaintiff that, because of the statutes of Texas fixing the venue in libel suits, this is a suit of a local nature, is determined against him by the terms of the Code (see sections 54, 55 Judicial Code, sections 115, 116 USCA), and the decisions under it, which establish that such a suit exists only where specific res is involved (Kansas Gas & Electric Co. v. Wichita Natural Gas Co. [C. C. A.] 266 F. 614), while the other points made by plaintiff have been long since foreclosed against him by the decisions of the Supreme Court of the United States, and are no longer arguable.

■■ Upon the first point, that the defendant has by force of article 2048 of the Revised Civil Statutes of Texas, by filing a motion to quash, entered its appearance to the succeeding term of the court, the decisions of the Supreme Court of the United States are directly to the contrary. They hold that, while the courts of the United States will under the Conformity Act (28 USCA § 724) follow the practice of the courts of the state in regard to form and order of pleading, this is only where such statutes do not conflict with the statutes of the United States, and that the jurisdiction of the courts of the United States, having been defined and limited by acts of Congress, can be neither restricted nor enlarged by the operation of the statutes of a state, and that therefore the defendant may, in any way which makes it plain that he

is doing so, question the validity of the process served on him, and that an appearance in any form to do so is a special appearance, and has no effect to confer jurisdiction over him. Munter v. Weil Corset Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900; General Investment Co. v. Lake Shore Ry., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942; Galveston, H. & S. A. Ry. v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248; Morris & Co. v. Insurance Co., 279 U. S. 406, 49 S. Ct. 360, 73 L. Ed. 762; Meisukas v. Greenough Red Ash Coal Co., 244 U. S. 54, 37 S. Ct. 593, 61 L. Ed. 987.

■ Upon the second point, that the process was validly served, it is perfectly clear that, unless this suit is of a local nature (which we have seen that it is not), or unless this suit is one against residents of different districts of the same state, within the meaning of section 52, Judicial Code, section 113, title 28 of the United States Code Annotated, or section 10 of the Act of 1902 establishing Texas Districts, the process is invalid. Robertson v. Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119; Munter v. Weil Corset Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652.

That neither of these defendants are, nor can be, within the meaning of the law, residents of the state of Texas and of the different districts therein, is perfectly clear.

Passing for the moment the apparently fatal inconsistency of the position of plaintiff on the motion that the two defendants are residents of different districts in the same state, with that taken in his pleadings alleging that both of the defendants have their office in Houston in the Southern District of Texas and other parts of the state, it is perfectly plain that neither of these corporations, in law is, nor can be, a resident. Gorman v. A. B. Leach Co. (D. C.) 11 F.(2d) 454; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, and cases cited.

In Ex parte Schollenberger, 96 U. S. 369, 377, 24 L. Ed. 853, it is said:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere."

In Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 468, 60 L. Ed. 841, the court said:

"A corporation cannot change its domicile or residence at will, but only as authorized by statute."

The uniform construction of the term "residence" as used in these statutes has confined it to and declared it descriptive of. the domicile in the.state in which the defendant is a citizen.

Under this construction, no case. could be supposed under either section 10 of the Act of 1902, or section 52 of the Judicial Code (28 USCA § 113), where suit could be brought in the federal court by a resident citizen of the state, because the suit would then be between citizens of the same state, an impossible condition for diversity jurisdiction. Shaw v. Quincy Mining Co., 145 U. S. at page 448, 12 S. Ct. 935, 36 L. Ed. 768; In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211; Galveston, etc., v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248; Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997.

Jurisdiction of the federal court over a defendant being special and dependent upon the valid service of process, since the service on the defendant is invalid, because issued to and served in another district, it is unnecessary to .determine whether the defendant is doing business in the Northern District of Texas, or whether Smalley is its agent there.

The order will be: Motion sustained, and the citation and service attacked in the motion vacated and ·held for naught.