## UNITED STATES v. ELLIOTT.
### No. 7495.

District Court, E. D. New York.

April 26, 1939.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe, and Donald J. Marran, Sp. Assts. to Atty. Gen., and J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Smith, Chambers & Clare, of New York City (Albert L. Perry, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a suit to collect Income Taxes and Interest assessed against the defendant, John Speed Elliott, for the years 1925, 1926, 1928 and 1934, in the amount of $6,618.15 together with interest thereon.

This action was brought on the Law side of the Court, but on the trial, a Jury was waived, and the action was tried before the Court, without a Jury.

The first cause of action is for interest on taxes due for the year 1925, which I will hereinafter discuss.

The second cause of action is for Income Taxes for the year 1926.

The third cause of action is for Income Taxes for the year 1928.

As to the second and third causes of action, the defendant claims that the assessments were not timely made, but the documentary evidence, offered on behalf of the plaintiff, clearly establishes the plaintiffs' right to recover, and that the defendants' claim has not been sustained.

The fourth cause of action is for Income Taxes for the year 1934, and as to that, the defendant admitted on the trial, that he has no defense, and the right of the plaintiff to recover on that cause of action is sustained by the documentary evidence offered by the plaintiff on the trial.

This leaves for consideration only the first cause of action, and as appears by the evidence the last day to institute suit for the collection of the assessment for the year 1925, was the 28th day of July, 1937.

A Summons and Complaint, in this action, was filed with the Clerk of the United States District Court for the Eastern District of New York, on July 21, 1937, and the Summons was issued to the United States Marshal on that day, and it was on the same day that he delivered it to the United States Deputy Marshal for service. This was seven days before the last day on which the action could be commenced.

As appears from the testimony of the United States Deputy Marshal to whom the Summons and Complaint were delivered for service, she attempted to make personal service of the Summons and Complaint on the defendant on July 21, 1937, July 22, 23, and 25, 1937. In each instance the attempted service was made at the home of the defendant on Cedar Swamp Road, Glen Cove, Long Island, New York. She inquired of the neighbors, as to where the defendant could be located, and was told that he was in Blue Ridge, Summit, New Jersey, for the Summer months. It also appears from her testimony that an alias Summons was issued on October 4, 1937, and that three times thereafter, on October 4, 6, and 10, 1937, she made an effort to serve the defendant, and that on the 10th day of October, 1937, she made inquiry at the Post Office and was told that some mail was coming there for the defendant, and that occasionally it would be picked up, but by whom, no one knew. She also testified that there were no signs of occupation of the defendant's home in Glen Cove, Long Island, New York, except that there was a dog around the premises. It also appears from her testimony that she made attempts to serve the defendant at his said home on January 5, 12, 20 and 25, 1938, but without success. It also appears that she finally discovered that the defendant's mail was being sent to 111 Broadway, New York City, and that she caused the Summons and Complaint to be transferred to the United States Marshal's Office, in the Southern District of New York, in March 1938, after she had made her last effort to serve the defendant at his said home on February 25, 1938.

A Summons and Complaint were personally served on the defendant, on March 2, 1938.

There is no question raised, by the defendant, as to the merits of the first cause of action. The only issue presented is whether or not the first cause of action was timely commenced.

Prior to the promulgation of the Rules of Civil Procedure, which became effective on September 16, 1938 (rule 86, 28 U.S.C.A. following section 723c), and which have no application in this case, the time of commencement of a Civil action at Law was controlled by the provisions of the New York Civil Practice Act, §§ 16 and 17 of that Act, which provide as follows:

"§ 16. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

"§ 17. An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county, in which that defendant, or one of two or more co-defendants who are joint contractors or otherwise united in interest with him, resides or last resided; or, if the defendant is a corporation, to a like officer of the county in which it is established by law or wherein its general business is or was last transacted or wherein it keeps or last kept an office for the transaction of business. But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the

expiration of the time limited for the actual commencement of the action by personal service of the summons or by service thereof without the state, upon the defendant sought to be charged, or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner or by substituted service of the summons on such defendant within the state pursuant to an order."

The Summons and Complaint were delivered to the Marshal before the last day on which action could be commenced, but personal service was not made nor was publication commenced within 60 days after the expiration of the time limited for the actual commencement of the action, nor was the defendant served by substituted service pursuant to an order of the Court, within that time.

Plaintiff, however, contends that the service as made on March 2, 1938, was good service, because the Statute was tolled by reason of the absence of the defendant from the state, between July 28, 1937 and March 2, 1938.

This contention, it seems to me, is not sustained.

That the New York Civil Practice Act, § 17 applies was determined in United States v. Scudder et al., D.C., 2 F.2d 632, and United States v. Northern Finance Corporation, 2 Cir., 16 F.2d 998, but the question raised here, by plaintiff, as to the tolling of the Statute, was not in issue in those cases.

Section 19 of the New York Civil Practice Act provides as follows:

"§ 19. *Effect of defendant's absence from state or residence under false name.* If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his return into the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of one year or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the state under a false name, the time of his absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the action. But this section does not apply while a designation made in pursuance of law of a resident of the state on whom a summons may be served for another person or corporation remains in force."

Under that Section, if the defendant was out of the state when the cause of action accrued, the action may be commenced within the time limited therefore, after his return into the state. If, however, the defendant departed from the state after the cause of action accrued, then he must have been absent one year or more in order to toll the Statute.

■ This cause of action accrued at least six years before July 28, 1937, and there is no evidence, in this case, to show that the defendant was absent from the state at that time. The only evidence offered as to residence was, that he was a resident of Cedar Swamp Road, Glen Cove, Long Island, New York, and had departed therefrom before the action was attempted to be commenced by the delivery of the Summons and Complaint to the Marshal. The defendant came into the state of New York sometime before service was made upon him, and knowledge of that fact came to the Marshal, and was the reason for the transferring of the Summons and Complaint for service to the Marshal in the Southern District.

The time when the defendant left his residence at Cedar Swamp Road, Glen Cove, Long Island, New York, to go to his Summer home at Blue Ridge, Summit, New Jersey, was not definitely fixed, therefore, proof was not made that the defendant left the state and remained absent therefrom for one year or more, after the cause of action accrued.

■ The plaintiff did not make out a prima-facie case of absence on the part of the defendant from the state of more than a little over seven months and, therefore, the burden was not placed upon the defendant to show his presence within the state during that time, and the cases of Goldberg v. Lackshin, Sup., 139 N.Y.S. 943; Helmer v. Minot, 75 Hun 309, 27 N.Y.S. 79; Dederick v. McAllester, 4 Hun 670, 49 How. Prac. 351; Phillips v. Lindley, 112 App.Div. 283, 98 N.Y.S. 423, affirmed 188 N.Y. 606, 81 N.E. 1173, are not in point.

The defendant is entitled to judgment on the first cause of action, dismissing the same with costs, and the plaintiff is entitled to judgment on the second, third and fourth causes of action with interest and costs.

Submit proposed findings of fact, and conclusions of law, in accordance with this opinion, for the assistance of the Court,

as provided by the Rules of Civil Procedure (rule 52, 28 U.S.C.A. following section 723c), and the Civil Rules of this Court.

Settle judgment on notice.