PACIFIC EMPLOYERS INS. CO. et al. v. THE PAUL DAVID JONES et al.

A. D. No. 901.

United States District Court
S. D. Texas, Houston Division.

Oct. 25, 1950.

Chilton Bryan, of Houston, Tex., for libellants.

Royston & Rayzor, of Houston, Tex., for respondents.

KENNERLY, Chief Judge.

Maurice T. Thompson, a longshoreman in the employ of Libellant, Fort Houston Iron Works, Inc., claims to have been injured on or about June 28, 1947, while working on the Vessel Paul David Jones, then under charter and operated by Respondent, Parry Navigation Company. It is claimed that such injury occurred at a time when such vessel was moored to City Dock No. 14 of the City of Houston in the Houston Ship Channel. Thompson claimed and was paid by Libellant Pacific Employers Insurance Company, insurance carrier for the Iron Works, compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A., § 901 et seq.

On June 27, 1949, the two Libellants named filed this Libel under Section 933 of such Act against such Vessel and Navigation Company, its charterer and operator. In such Libel, Libellants allege that such Navigation Company is a private corporation, having its domicile in the State of New York, and that the Strachan Shipping Company is its General Agent at Houston. Process was issued and served on the Strachan Shipping Company, claimed to be Agent of Navigation Company, June 28, 1949. On March 2, 1950, process was also issued, and on March 10, 1950, was served on the Secretary of State of the State of Texas. There has been no seizure of the Vessel, and jurisdiction of such Navigation Company is dependent upon the validity of such service of process. This is a hearing on the Motion of the Navigation Company to quash such service and dismiss this case for want of jurisdiction.

1:—The facts show that Navigation Company was doing the type of business prior to July 30, 1947, set out in the Affidavit of A. W. Parry, Jr., filed herein October 5, 1950, but that Navigation Company has not done business of any kind or character in Texas since July 30, 1947. And that it was not doing business in Texas on June 28, 1949, when such process was served on the Strachan Shipping Company. The facts also show that the Strachan

Shipping Company was not the Agent of the Navigation Company for service of process or otherwise on June 28, 1949, nor at any time after July 30, 1947. The facts are correctly stated or summed up in Parry's said Affidavit, as follows: *"Operations in Texas Subsequent to July 30, 1947.* Parry Navigation Company, Inc. has had no operations of any kind or any character at any time subsequent to July 30, 1947, when the S.S. George Ade left the State of Texas. It has had no agents of any kind or character since that date. Since that date Strachan Shipping Company has not been an agent or representative of any kind or character for it, nor has Strachan Shipping Company had any authority to act or purport to act for or on behalf of Parry Navigation Company, Inc. since that date."

The law applicable is well stated in Creager v. P. F. Collier & Son Co., D.C., 36 F.2d 781, and cases there cited.[1]

■ The Process served on Strachan Shipping Company should be and will be quashed.

2:—Process was served on the Secretary of State of the State of Texas on the theory that Article 2031a of Vernon's Civil Statutes of Texas is applicable. I do not think it is.

It is clear that the Navigation Company did not file a power of attorney and appoint an agent in accordance with Sections 1, 2, 3, and 4 of Article 2031a. If Navigation Company comes within the provisions of Article 2031a at all, it must be by reason of Section 5 of such Article and particularly Subdivision (d) of such Section 5, reading as follows: "(d) Such corporation, by doing any act within this State, shall be deemed to have appointed the Secretary of State and his successors in office, to all intents, effects and purposes as if it had duly executed such power of attorney."

■■ If it be held that the activities of Navigation Company in Texas prior to its final withdrawal on July 30, 1947, were sufficient to constitute the Secretary of State its Agent under such Subdivision (d), service of process could be had upon the Secretary of State under Sections 3 and 4 of such Article only during the period before Libellants' claim would be barred by laches or by analogy by the Texas Two Year Statute of Limitation, Vernon's Ann. Civ.St. art. 5526. The injury, if any, to Thompson occurred June 28, 1947, and the Texas Two Year Statute of Limitation ran until June 28, 1949. Hence the service on the Secretary of State on March 10, 1950, was too late.

The process served upon the Secretary of State should also be and it will be quashed.

Let appropriate Order be drawn and presented.

1. Other cases are Creager v. P. F. Collier & Son Co., D.C., 36 F.2d 781, 783; Street & Smith Publication Co., Inc., v. Spikes, 5 Cir., 120 F.2d 895; Spreckels Sugar Co. v. South Atlantic S.S. Line, D.C., 55 F.Supp. 670; Andrade v. American Mail Lines, Inc., D.C., 71 F. Supp. 201; Stetson China Co. v. D. C. Andrews & Co. of Illinois, D.C., 9 F.R.D. 135; Holland v. Parry Navigation Co., Inc., D.C.Pa.1947, 7 F.R.D. 471, 1947 A.M.C. 1435; Holliday v. Pacific-Atlantic S.S. Corp., 1946, 354 Pa. 271, 47 A.2d 254, 1946 A.M.C. 1048; Urline v. W. R. Chamberlin Co., 1948 A.M.C. 84 (Wash. 1947).