(83 South. 385)

No. 22354.

COX v. STONE.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. CORPORATIONS ⬤⟞423—LIABILITY FOR TORT WHILE IN HANDS OF RECEIVER.

That a corporation is in hands of a receiver does not exempt it from liability for a wrongful act committed by an agent, servant, or employé of the corporation within the scope of his employment.

2. RECEIVERS ⬤⟞104—TORT OF RECEIVER OF CORPORATION; REMEDY OF STOCKHOLDERS AND CREDITORS.

In action against receiver of corporation for damages for wrongful act committed by receiver, it is no defense that damages will be imposed upon innocent creditors and stockholders of the corporation, since, if the act of the receiver was ultra vires, the creditors and stockholders of the defunct corporation have recourse against the receiver and surety upon his bond.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Action by Mat Cox, receiver, against P. F. Stone. Judgment for defendant, and plaintiff appeals. Affirmed.

Blackman, Overton & Dawkins, of Alexandria, and E. A. Edwards, of Ville Platte (John W. Lewis, of Opelousas, of counsel), for appellant.

Garland & Garland, of Ville Platte, for appellee.

O'NIELL, J. Plaintiff, as receiver of the Arkansas Mill Company, sued for and obtained a writ of injunction, preventing the defendant from removing from the premises of the corporation certain lumber which defendant had bought from the corporation. Plaintiff did not allege that the lumber belonged to the corporation, or that it did not belong to the defendant. It was alleged that the lumber was, in part, marked as the property of defendant, and that he was in the act of removing it from the yards of the corporation. The relief prayed for was that a writ of injunction should issue, prohibiting the defendant from removing any of the lumber from the yards of the mill company, or interfering with the possession of the plaintiff as receiver. The court ordered the injunction to issue, without requiring that plaintiff furnish a bond; but, on defendant's motion to dissolve the writ for want of a bond, the court ordered plaintiff to furnish a bond in the sum of $5,000, which was done. Thereafter defendant had the injunction dissolved on a bond for $5,000.

In answer to the suit, defendant claimed ownership of the lumber, and prayed for dismissal of the suit, and for damages caused by the injunction.

On trial of the case, it was proven that the lumber had been sold to the defendant by the corporation, had been graded, measured, and delivered, and marked as the property of defendant, before the receiver was appointed, and that the lumber had not been included in the inventory of the property intrusted to the receiver, and was never in his possession or under his control.

Judgment was rendered in favor of defendant, dismissing the suit, and condemning the receiver to pay defendant $843.07 damages, for the illegal injunction, viz. an item of $104.02, and other items amounting to $239.-05, of expenses incurred in obtaining a dissolution of the injunction on bond, and $500 for attorney's fees incurred for the dissolution of the writ. The plaintiff, having appealed, resigned from the receivership, and his successor, Hosea E. Currie, having been duly appointed and qualified, became a party appellant, and has been authorized to prosecute the appeal.

It is not disputed that the lumber belong-

ed to defendant and that the writ of injunction was therefore improperly obtained. Nor is the amount of the damages allowed excessive, if damages are due. The only serious complaint of the appellant is that a receiver, being an officer of the court, should not be held liable in damages for having, in good faith, but erroneously, invoked the conservatory process of the court.

## Opinion.

[1, 2] We are not aware of any rule of law or equity that a corporation's being in the hands of a receiver shall exempt it from liability for a wrongful act committed by an agent, servant, or employé of the corporation. It makes no difference, in principle, whether the employé of the receiver, who committed the wrong, was an attorney at law or some other servant, acting within the scope of his employment. The argument that the damages in this case will be imposed upon the innocent creditors and stockholders of the corporation has no more merit than it would have if the corporation were a going concern, and if the president, authorized by a resolution of the board of directors, had sued for the injunction. If the act of the receiver in this case was ultra vires—and we are not intimating that it was—the creditors and stockholders of the defunct corporation have their recourse against the receiver and the surety on his bond. The fact that the receiver was appointed by the court should not make the corporation any the less responsible for an illegal act on his part than if he had been selected by the stockholders and creditors to administer and liquidate the affairs of the corporation. He was appointed to administer the property of the corporation, not to interfere with the property of others. In Greig, Tutor, v. Eastin, Sheriff, 30 La. Ann. 1130, minor children were held liable in damages for an illegal injunction issued at the suit of their tutor.

The judgment appealed from is affirmed.