No. 1939
Second Circuit Appeal

## ANNA HARRIS ET AL. v. TEXAS & PACIFIC RAILWAY COMPANY

(April 2, 1925, Opinion and Decree.)
(June 6, 1925, Rehearing Refused.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Pleading—Par. 62.

An exception of no cause of action filed against a petition which alleges that the railway company was negligent and prayed for damages against the railway company, although it was alleged that the railway company was in the hands of receivers at the time of the accident, will be sustained, because the railway company, being in the hands of the receivers, cannot be held liable for the negligent acts of the receivers or their agents.

Appeal from Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

This is a suit against the Texas and Pacific Railway Company for damages for the alleged fatal injury of a man.

There was an exception of no cause of action filed which was sustained.

Plaintiff appealed.

Judgment affirmed.

Rusca & Cunningham, of Natchitoches, attorneys for plaintiffs, appellants.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

REYNOLDS, J. This is a suit against the Texas & Pacific Railway Company to recover $10,000.00, damages for the alleged fatal injuring of Alexander Lodge on December 21, 1921.

It is alleged in the petition that at the time of the accident and at the time of this suit, the Texas & Pacific Railway Company was in the hands of J. L. Lancaster and C. L. Wallace as Receivers, duly appointed and qualified.

Under this state of facts we find the law applicable to this case stated in 34 Cyc. page 293 as follows:

"The receiver is not the agent of either party in the sense that he has authority to bind such parties by any act or mission on his part, and a corporation in the hands of a receiver has no control over the receiver or his servants, and therefore generally is not responsible for the negligence or torts of the employees of the receiver, and no suit for damages occasioned thereby can be maintained."

Under the law, as above quoted, the exception of no cause of action was properly sustained by the District Court.

Finding the exception of no cause of action properly sustained, it is not necessary for us to pass upon the question as to whether or not the minor grandchildren can recover damages for personal injuries to their grandfather resulting in his death.

The decision of the District Court, insofar as it sustains the exception of no cause of action, is affirmed, and plaintiffs' suit is dismissed at their costs in both courts.

## ON APPLICATION FOR REHEARING.

On October 27, 1916, Receivers for the Texas & Pacific Railway Company were appointed by the United States District Court for the Western District of Louisiana on the application of the Union Trust Company of New York. The order appointing the Receivers directed them—

"To take possession of all and singular said railroads, rolling stock, franchises, rights, property and premises."

of the said company; and they were authorized to—

"Employ, discharge, and fix the compensation of such officers, attorneys, managers, superintendents, agents and employees as they may deem it necessary."

and were authorized and empowered to—

"Defend, compromise or settle and pay any and all claims, suits, actions, and proceedings which may be made or instituted against them as Receivers on account of their liability as such Receivers."

Under section 7 of the said order—

"Defendant Railway Company, its officers, directors, agents, attorneys and employees * * * are restrained and enjoined from interfering with * * * any portion of the property and premises of which the Receivers are hereby appointed."

From the above it will be seen that the officers, directors, employees and managers of the Texas & Pacific Railway Company were completely ousted from their possession, control and management of the said company on the date on which the Receivers were appointed. The corporation, therefore, could neither appoint nor control those who operated the trains in its road.

That order was in effect and the Receivers were in possession of control of the property of defendant Railway Company and operating trains of its tracks by and through agents and employees appointed

and controlled by them on December 21, 1921.

Plaintiffs' petition sets up that on that day Alexander Lodge was run over and killed "by a passenger train of the defendant" and it is alleged that his death was caused solely and entirely by the gross negligence and want of skill on the part of the said defendant company.

The plaintiffs allege that they are the heirs of the deceased and they bring this suit against the Railway Company to recover for his death.

The suit is not against the Receivers of the Company but against the defendant Company.

The plaintiffs pray for service and citation of the defendant, the Texas & Pacific Railway Company, through the Receivers, and ask for judgment in their favor and against the defendant company in the sum of $10,000.

The defendant company filed an exception of no cause of action, grounded upon the proposition that its property was in the hands of Receivers and was being controlled and operated by them at the time of the accident and that no action would lie against it for the negligent operation of trains over its road by the Receivers; and, as a second ground for the exception of no cause of action, the defendant sets up that the grandchildren of the deceased cannot recover damages for the death of their grandfather.

The lower court sustained the exeception on both grounds. Plaintiffs appealed and we held that the exception was good on the first ground and affirmed the judgment.

An application for rehearing was applied for in which it is claimed that the court erred "in holding that a corporation in the hands of a Receiver was not liable in damages for negligence of employees of said corporation that caused the death of petitioners' father".

We did not hold what counsel seem to think we hold. We did not hold that plaintiffs were without remedy merely and solely because the defendant's road was in the hands of Receivers at the time their ancestor was run over and killed by a train operated on its tracks.

What we held was, that the suit should have been against the Receivers and not against the defendant company; because the train which is alleged to have run over and killed the deceased was controlled and operated by the Receivers of the defendant company and not by the company itself.

Those in charge of and operating the train at the time of the accident were not employees of the defendant company. It did not select them nor could it control them, and therefore the company was not responsible for their negligence.

Counsel cite the case of Godchaux vs. Texas & Pacific Railway Company, 151 La. 957, 92 South. 398, on the point that an action will lie against a corporation while in the hands of a Receiver.

In the Godchaux case the cause of action arose prior to the appointment of the Receivers, and the court said:

"It is not contended by defendant that the corporation was dissolved or rendered incapable of receiving service of judicial process by the appointment of the receivers. The weight of authority seems to sustain the view that it may be so proceeded against, provided the custody and control by the receivers of corporate property is not interfered with."

And the court cites Corpus Juris, Volume 14A, page 985, and the authorities there cited.

In the Godchaux case the court was dealing not with a case arising of a tort committed by the receivers' agents or employees but with a cause of action that arose prior to the Receivership. As sus-

taining its views, the court in the Godchaux case cited Corpus Juris, volume 14A, page 985; but if the court had been dealing with a case like the one at bar it would no doubt have cited that same work and same volume, but page 984, where the following principle is stated, to wit:

"A corporation is not in general liable for the torts of its receiver or his servants or agents, committed in the management of the corportate affairs or property. Conversely, the negligent acts or wrongs committed by the corporation before the appointment of a receiver are independent transactions for which the corporation alone is liable."

Counsel cite the case of Cox vs. Stone, 146 La. 81, 83 South. 385, where the court said, in substance, that there is no rule of law that a corporation in the hands of a receiver shall be exempt from liability for a wrongful act committed by an agent, servant or employee of the corporation. But in that case the action was against the Receiver for damages caused by his unlawful act in procuring the issuance of a writ of injunction. The receiver urged the point that he being an officer of the court should not be held liable in damages for having in good faith but erroneously invoked the writ. The court was dealing with that question, which is not at all similar to the one relied on in the case at bar.

It will thus be seen that the authorities cited by counsel for plaintiff do not sustain their point.

In the case of Memphis & C. R. R. Co vs. Hoetner; 67 Fed. 456, Mr. Justice Lurton as the organ of the court said a receiver appointed by a court of equity to hold, manage and operate an insolvent railroad is not the agent of the insolvent railroad corporation and is not a substitute for the board of directors. He is but the hand of the court appointing him, and holds, manages and operates the property under the orders and directions of the court as its custodian, and not for or under the control of the directors or shareholders of the corporation. His management is for the benefit of those ultimately entitled under the decree of court. His acts are not the acts of the corporation and his servants are not the agents or servants of the corporation. * * * The receivers as such are liable for their negligent acts. Both to the public and their employees they stand responsible to the full extent of the earnings resulting from their management and under some circumstances the property itself may constitute a fund which may be reached and subjected by those sustaining injuries. But we know of no legal principle which would justify the court in holding a corporation which is excluded from all control and management responsible for the torts of such receivers or for the negligent acts of their agents".

In the case of Gabelman vs. Peoria B. & E. R. Co., 82 Fed. 790, the court said:

"The injury occurred while the Railway was on the exclusive control and management of the receiver. The railway company is improperly joined as a party defendant. The complaint states no cause of action against it. It is not liable for the torts of the receiver or his employees."

Citing High on Receivers, section 396, and 67 Fed. 456, above referred to.

See 34 Cyc. 293.

In the case at bar, the possession and management of the receivers was exclusive. The corporation could neither appoint or control those who operated the train alleged to have killed plaintiff's ancestor.

The suit, therefore, should have been against the receivers and not against the corporation itself.

For the reasons assigned, the application for a rehearing is refused.