MEMPHIS & C. R. CO. et al. v. HOECHNER.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1895.)

No. 228.

1. RAILROAD COMPANIES—RECEIVERS—LIABILITY FOR NEGLIGENCE.
    A railroad company is not liable for personal injuries caused by the negligent operation of the road while in the exclusive possession and occupation of receivers.

2. RECEIVERS—LIMITATION OF ACTIONS—RUNNING OF STATUTE.
    Where an action is brought against a railroad company for personal injuries caused while it was in the exclusive control and possession of receivers, but the receivers are not made parties until a year later, when they are brought in by amendment, the cause of action against the receivers is barred by Mill. & V. Code Tenn. § 3469, requiring actions for personal injuries to be brought within one year after the right of action accrued.

In Error to the United States Circuit Court for the Western Division of the Western District of Tennessee.

Action by J. J. Hoechner against the Memphis & Charleston Railroad Company, and Charles M. McGhee and Henry Fink, receivers, for personal injuries. There was a judgment for plaintiff, and defendants bring error.

Frank P. Poston, for plaintiffs in error.
F. Zimmermann, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District-Judge.

LURTON, Circuit Judge. The defendant in error recovered a judgment against the Memphis & Charleston Railroad Company, and Charles M. McGhee and Henry Fink, as receivers of said company, for damages for an injury sustained while in the service of the receivers, and while the road was operated by them under appointment of the United States circuit court at Memphis, Tenn. Many errors have been assigned, but, in the view we have taken of the case, it is only essential to rule upon two of them. The first presents the question of the liability of the railroad company for an injury sustained by a servant of the receivers who were in the exclusive possession and occupation of the railroad owned by the corporation. The second question involves the application of the Tennessee statute of limitations to the suit against the receivers.

McGhee and Fink were appointed receivers in July, 1892, under a bill filed by creditors. Defendant in error sustained the injury for which he sued in December, 1892. His first employment was in November, 1892, and was by the receivers. The decree appointing McGhee and Fink, among other things, ordered:

"Each and every one of the officers, directors, agents, and employés of the said Memphis & Charleston Railroad Company are hereby required and commanded forthwith upon demand of said receivers, or their duly-authorized agent, to turn over and deliver to such receivers, or their duly-constituted representatives, any and all books or accounts, money, or other prop-

erty, in his or their hands, or under his or their control; and each and every one of such directors, officers, agents, and employés are hereby commanded and required to obey and conform to such orders as may be given to them from time to time by said receivers, or their duly-constituted representatives, in conducting the operation of said property, and in discharging their duties as receivers; and each and every one of such officers, directors, agents, and employés of the said Memphis & Charleston Railroad Company are hereby enjoined from interfering in any way whatever with the management of any part of the property over which the receivers are hereby appointed, or interfering in any way to prevent the discharge of their duties or operating same under the court's order."

There was no evidence tending to show anything like a joint occupation, operation, or control of the railroad by the corporation and the receivers. Upon the contrary, all the evidence tended to show that the road had, from the qualification of the receivers, been in their exclusive possession, control, and operation. There was, therefore, nothing in the case making applicable the doctrine of Railroad Co. v. Brown, 17 Wall. 445–450, or Railroad Co. v. Jones, 155 U. S. 354, 15 Sup. Ct. 136.

Under this state of facts, the court was requested to charge the jury that:

"If you find from the evidence that plaintiff was injured on the 24th day of December, 1892, and that, at the time of said injuries, Charles M. McGhee and Henry Fink were the duly-appointed receivers of said Memphis & Charleston Railroad Company, and as such were in the actual and exclusive control and operation of the properties and line of railroad of said company, and of the agents and employés engaged in the operation thereof, and that said Memphis & Charleston Railroad Company had no voice in the selection and control of such agents or employés, or in the management or control of said railroad properties, then said company would not be liable for the injury sustained by plaintiff, and your verdict must be for it."

This was refused. On this subject, the court, among other things, instructed the jury that:

"This suit was originally brought against the Memphis & Charleston Railroad Company. Its liability is denied on the ground that, at the time of the injury to the plaintiff, the road was operated by receivers under an order of court in that behalf; and the wrong done, if any, was done by the receivers, and not by the company; and therefore I am asked to charge you that your verdict should be for the company, in any event. There are cases or dicta of cases which support this contention perhaps, but, in my judgment, that is not the law of this case so far as relates to the technical liability to the plaintiff."

We think the court erred in refusing to charge as requested. A receiver appointed by a court of equity to hold, manage, and operate an insolvent railroad is not the agent of the insolvent railroad corporation, and is not a substitute for the board of directors. He is but the hand of the court appointing him, and holds, manages, and operates the property under the orders and directions of the court as its custodian, and not for or under the control of the directors or shareholders of the corporation. His management is for the benefit of those ultimately entitled under decree of the court. His acts are not the acts of the corporation, and his servants are not the agents or servants of the corporation.

In defining the attitude of railroad receivers towards the property intrusted to their management, and of the relation borne by

such custodians to the debtor corporation and its creditors, Chief Justice Fuller, speaking for the court, said:

"Receivers are mere ministerial officers, appointed by a court of chancery to take possession of and preserve pendente lite the fund or property in litigation; mere custodians, coming within the rule stated in Union Bank v. Kansas City Bank, 136 U. S. 223, 236, 10 Sup. Ct. 1013, where the court said: 'A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to charge the title, or even the right of possession in the property.'" Railroad Co. v. Humphreys, 145 U. S. 82–97, 12 Sup. Ct. 787; Fosdick v. Schall, 99 U. S. 251; New York, P. & O. R. Co. v. New York, L. E. & W. R. Co., 58 Fed. 268–278.

The receivers, as such, are liable for their negligent acts. Both to the public and to employés they stand responsible to the full extent of the earnings resulting from their management, and, under some circumstances, the property itself may constitute a fund which may be reached and subjected by those sustaining injuries. But we know of no legal principle which would justify a court in holding a corporation, which is excluded from all control and management, responsible for the torts of such receivers, or for the negligent acts of their servants. The relation of master and servant does not exist between the excluded corporation and the servants of the receivers. If the possession of the receivers be exclusive, as was the case under the decree appointing McGhee and Fink, the corporation can neither employ, discharge, nor control such servants; and it would be a gross injustice to say that, under such circumstances, it should be liable for the conduct of servants which it neither employed nor controlled.

In High on Receivers the rule is thus stated:

"Since the receivers of a railway who are vested with its absolute control and management are thus liable for injuries resulting from negligence in operating the road to the same extent that the company might have been liable, it would seem to be clear, upon principle and in the absence of any absolute liability created by statute, that the corporation itself cannot be held responsible for the negligence of servants of a receiver operating the road. The receiver's possession is not the possession of the corporation, but is antagonistic thereto, and the company cannot control either the receiver or his employés." High, Rec. § 396.

This is in accord with the doctrine as stated by other text writers of repute: Rorer, R. R. p. 896; Jones, Ry. Secur. p. 285; Patt. Ry. Acc. Law, § 134; Wood, R. R. §§ 385–482. The direct question has not often arisen for decision, but, when it has, the courts have almost uniformly announced the doctrine we have stated. Metz v. Railroad Co., 58 N. Y. 66; Turner v. Railroad Co., 74 Mo. 604; State v. Wabash Ry. Co., 115 Ind. 466, 17 N. E. 909; Godfrey v. Railroad Co., 116 Ind. 30, 18 N. E. 61; Railroad Co. v. Stringfellow, 44 Ark. 322; Railway Co. v. Dorough, 72 Tex. 111, 10 S. W. 711; Meara v. Holbrook, 20 Ohio St. 145, 146; Thurman v. Railroad Co., 56 Ga. 376; Davis v. Duncan, 19 Fed. 477. The principle upon which the doctrine rests is that applicable to the liability of the lessor

for the torts of the lessee company when the lease is authorized by law. Arrowsmith v. Railroad Co., 57 Fed. 178; Byrne v. Railroad Co., 9 C. C. A. 666, 61 Fed. 605. When the possession or control is in fact a joint one, the rule is otherwise, for the obvious reason that the servants are the joint servants of two masters, and each would be liable. But the cases making this distinction recognize the general rule to be as we have stated it. The nonliability of the corporation depends upon the control being really and exclusively in the receivers. Railroad Co. v. Brown, 17 Wall. 445–450; Railroad v. Jones, 155 U. S. 354, 15 Sup. Ct. 136; Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463.

This brings us to the consideration of the errors assigned peculiarly affecting the judgment against McGhee and Fink as receivers. The declaration alleged that the plaintiff sustained the injury for which he sued on the 24th day of December, 1892. He instituted suit on the 10th of March, 1893, against the Memphis & Charleston Railroad Company alone. On the 29th of January, 1894, on motion of the plaintiff, the summons and declaration were amended so as to make McGhee and Fink defendants, as receivers. The principal defense presented by the pleas filed by the receivers was that of the Tennessee statute of limitations, prescribing that all actions for personal injuries shall be brought within one year after right of action accrued. With reference to this defense the court was requested to charge that:

"If the jury should find from the evidence that the plaintiff was injured on the 24th day of December, 1892, and that Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad, were not joined or made parties defendant to this suit until the 29th of January, 1894, then the cause of action in favor of plaintiff, as against said McGhee and Fink, receivers, is barred by the one-year statute of limitations provided in Code of Tennessee by section 3469 (Mill. & V.), and your verdict as to the cause of action against them must be in favor of said receivers."

This was refused. The court, on the other hand, instructed the jury, in effect and substance, that, if the suit was begun against the Memphis & Charleston Railroad Company within the time prescribed by the statute, it would operate to stop the running of the statute in favor of the receivers. The erroneousness of this action of the court is manifest if we are correct in our conclusion that the corporation was not liable for the torts of the receivers. If the plaintiff had no cause of action against the Memphis & Charleston Railroad Company, it must follow that a suit against that company would not be a suit against the receivers, and could not operate to stop the running of the statutory limitation in favor of the receivers.

The appointment of receivers for the Memphis & Charleston Railroad Company was by decree of a court of record, and was an act of such notoriety as that all persons have constructive notice. The fact that the plaintiff was a foreigner, and unable to read or speak the English language, and that he had no actual notice that the road was operated by receivers, was immaterial. He was employed and paid by the receivers, and was injured through alleged negligence of other servants of the receivers. If he chose to make no inquiry as to who employed him and paid him, and there was in fact no

joint operation of the road by the corporation and the receivers, but an exclusive possession and operation of the road by receivers as custodians under decree of a court having jurisdiction, then it was immaterial whether the plaintiff knew or did not know how the road was operated, and equally immaterial whether his attorneys knew that the road was operated by receivers. There was no evidence tending to show any concealment of the facts. Public notices were posted about the premises giving notice of the receivership, and, if the plaintiff did not know it, it was his own fault, and cannot have the legal effect of suspending the statute of limitations affecting his suit, or estop the receivers from relying upon it.

Many other errors have been assigned, but, in the view we have taken of the case, we have not deemed it at all important to pass upon them. For the errors indicated, the judgment must be reversed, and a new trial awarded.