# Coyne, Appellant, *v.* Lakeside Electric Railway Company.

*Negligence—Lessor and lessee—Railroads—Electric railways—New parties—Amendment—Statute of limitations.*

In an action against an electric railway company to recover damages for personal injuries, a motion to amend the record by striking out the name of the defendant and substituting the name of another corporation, its lessee, will be denied where the statute of limitations has become a bar.

Argued Feb. 15, 1910. Appeals, Nos. 300 and 301, Jan. T., 1909, by plaintiffs, from judgments of C. P. Schuylkill Co., March T., 1907, Nos. 145 and 149, on verdicts for defendant in cases of Patrick J. Coyne, Sr., and Sara A., his wife, v. Lakeside Electric Railway Company and Margaret L. Coyne v. Lakeside Electric Railway Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAY, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in directing verdict for defendant.

*M. A. Kilker*, with him *A. C. Sherman*, for appellants.

*R. H. Koch*, with him *F. J. Laubenstein*, for appellee.

PER CURIAM, March 21, 1910:

These actions grew out of the same accident and were tried together. The only question raised by the appeals is whether the court erred in overruling the plaintiff's motion to amend the record by striking out the name of the defendant and substituting the name of another corporation, its lessee. The accident happened February 11, 1906. The motion to amend was made March 26, 1908, after the testimony at the trial was all in and it had been shown that the defendant named in the writ was the lessor of the railroad and had nothing to do with its operation. The statute of limitations had become a bar to a new action. The mistake was not, as in Wright v. Eureka Tempered Copper Co., 206 Pa. 274, in bringing the right defendant into court under a wrong name, but in suing the wrong party. The well-defined limitation of the right of amendment is that a new cause of action shall not be introduced or new parties brought in after the statute of limitations has become a bar: LaBar v. Railroad Co., 218 Pa. 261; Holmes v. Railroad Co., 220 Pa. 189.

The judgment is affirmed.