Bahas, Appellant, *v.* Wilczek.

Argued October 13, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* for appellant.

*John B. Nicklas, Jr.,* of *McCrady, McClure, Nicklas & Hirschfield,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1936:

The cause of action arose August 25, 1931. The plaintiff brought suit in trespass April 4, 1933, against John Wilczek. The sheriff served the writ April 12, and made his return April 18, 1933, reading as follows: "April 12th, 1933, served John Wilczek, the within named defendant, at 1225 Braddock Ave., Braddock, Pa., by handing to him personally a true and attested copy of the within writ together with a copy of the Plaintiff's statement of claim endorsed with notice to file an affidavit of defense within fifteen days and by making known to him the contents thereof."

There were two men named John Wilczek, father and son; both lived at 1217 Braddock Avenue, and not at 1225 Braddock Avenue. In the statement of claim, also served on John Wilczek with the summons, plaintiff averred that John Wilczek owned 1225 Braddock Avenue, that on August 18, 1931, plaintiff was employed by him in a casual employment, that on August 25, 1931, he was injured by falling from a scaffold defectively constructed from defective material, and that John Wilczek was responsible for the defects. The docket entries show that on May 2, 1933, a præcipe for issue was filed. On May 9, 1933, the period for filing the affidavit of defense was extended 10 days by an order of the court. The docket entries printed in the record show no further action until April 6, 1935, when plaintiff obtained a rule on defendant to show cause why the statement of claim should not be amended. The defendant answered, depositions were taken and argument was had December 16, 1935. The amendment, which was allowed, changed the averment of the location of 1225 Braddock Avenue, which in the statement of claim was given as the residence of John Wilczek and the place where the injury occurred, to 1217 Braddock Avenue.* December 19,

---

* "Now, to wit, Dec. 16, 1935, after argument of counsel, amendment of Plaintiff's Statement of Claim is hereby allowed as to change of location only of premises where accident is alleged to

1935, an affidavit of defense was filed by "John Wilczek, defendant above named, who was served personally," etc., repeating the words of the sheriff's return. He denied that he owned premises 1217 Braddock Ave., and averred that they were owned by his father, "who bears the same name as this defendant, to wit, John Wilczek, and who was not served with summons in this proceeding, is not the defendant herein, and is not in court." He denied the casual employment and the negligence averred by the plaintiff and averred that defendant had been a painting contractor for many years, that plaintiff was in his employ; that he, with workmen, was engaged in painting 1217 Braddock Avenue and that plaintiff's remedy was under the Workmen's Compensation Act.

From the affidavit of defense, the plaintiff learned that the John Wilczek served by the sheriff was not the Wilczek he intended to make defendant. When plaintiff's counsel filed his præcipe for the writ of summons, he delivered to the sheriff written instructions as follows: "Serve summons in trespass upon def. at 1225 Braddock Ave. Braddock, Pa." On December 19, 1935, the two-year period of limitation having expired August 25, 1933, he was faced with the problem whether he could bring in Wilczek senior or whether he was too late. On February 11, 1936, he filed a petition for leave to issue an alias writ of summons "upon the proper defendant, John Wilczek, the older man, residing at 1217 Braddock Avenue, Braddock, Pa." The application was denied by the learned court below on the ground that the petition was "in effect a petition to amend the record to bring in a new party" without showing circumstances tolling the running of the statute of limitations.

On April 14, 1936, the court made an order reciting prior proceedings and stating that for the purpose of obtaining an appealable order counsel for both sides

_____

have occurred, to wit, from 1225 Braddock Ave. to 1217 Braddock Ave., and defendant is allowed fifteen days to file an affidavit of defense."

had agreed that the order of February 11, 1936, refusing leave to issue the alias writ, should be vacated, that the alias writ should go out and that defendant's counsel should present his petition for an order of non pros. The alias writ was issued April 15th and on April 23, 1936, Wilczek senior appeared specially and obtained a rule on plaintiff to show cause why the alias writ against him should not be non prossed. The defendant answered. The petition and answer show no substantial dispute of decisive facts. On June 23, 1936, the court made the rule absolute, adhering to its former conclusion that a new party could not be brought on the record as defendant more than 2 years and 9 months after the cause of action had been barred. This appeal is from that order.

The statute of limitations provides that such actions must be brought within two years from the wrongful injury: Act of 1895, P. L. 236, 12 PS section 34. Plaintiff's action was of course brought in time against the John Wilczek who was served; he filed an affidavit of defense, is in court, and must respond to the suit.

Plaintiff is not seeking to amend under the Act of March 16, 1846, P. L. 353, 12 PS section 532, or the Act of 1852, P. L. 574, 12 PS section 533, by changing or correcting the name of the party to the record. As indicated on the face of the papers, the purpose is to bring in a new party, the senior Wilczek. The real question is whether that can be done. In *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 2, 81 A. 63, the rule was stated as follows: "Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued." A number of cases applying the rule in a variety of circumstances are collected in *Wernick v. Pittsburgh Underwriters Agency*, 90 Pa. Superior Ct. 186.

If in February, 1936, when he asked for leave to issue the alias writ, he had brought a new suit he would promptly have been met with the fact that the action had

been barred for nearly 2 and ½ years. The attempt to overcome that difficulty by means of an alias writ to bring in a new defendant into an existing suit must likewise fail. With slight adaptation what was said in *Peterson v. Ferry Co.,* 190 Pa. 364, 365, 42 A. 955, applies: "If the right party was there sued the issue should be fought out there, and if the wrong party was sued there the right one cannot be brought in by amendment, still less can he be sued by a new writ and deprived of the benefit of the statute of limitations by making it relate back to a former writ to which he was not a party."

The order appealed from is affirmed.