## Nanstiel, Appellant, v. Gill.

Argued March 3, 1937.

282

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*Charles F. Wharen,* for appellant.

*Charles L. Casper,* for appellee.

OPINION BY KELLER, P. J., April 15, 1937:

The plaintiff, Eugene Nanstiel, on May 16, 1930, brought an action arising from contract before a justice of the peace against "J. V. Gill, trading as Holland Furnace Company," to recover the sum of $20.15, and interest from December 1, 1929, alleged to be due him for work and labor performed in making heat pipes used in the installation of a furnace. Judgment against the defendant was entered by default for $20.90. The defendant appealed, the appeal being filed in the prothonotary's office on June 16, 1930. On January 15, 1931 the plaintiff moved to strike off the appeal and obtained a rule to show cause, which the court on March 5, 1931, discharged.

On May 22, 1931 the plaintiff filed his statement of claim. The defendant, Gill, duly filed his affidavit of defense, in which he defended against the plaintiff's claim as being exorbitant and unreasonable as to all in excess of ten dollars. Defendant further denied that he traded as Holland Furnace Company and alleged

that the work done by plaintiff was contracted for by him, the defendant, as an individual and not as the representative of any firm or corporation.

The case came on for trial before a jury on March 17, 1932 and the defendant failing to appear, a verdict was directed for the plaintiff for $22.15, on which judgment was entered.

On April 17, 1936 the plaintiff, by his attorney, presented a petition asking for a rule to show cause why the caption of the suit should not be amended so as to name Holland Furnace Company as the defendant in the action and judgment, instead of J. V. Gill, trading as Holland Furnace Company. The court granted a rule, to which an answer was filed by Holland Furnace Company, Inc., a Michigan corporation, denying that it was the real defendant in the action above, or that plaintiff had ever been employed by it, and averring that he had been employed by J. V. Gill individually; that the action before the justice of the peace had been against Gill, that the appeal to the court of common pleas had been taken by Gill, and the verdict had been rendered and the judgment entered against Gill; that Holland Furnace Company had never been served with process in the action and had never had an opportunity to defend the case, and that it would be inequitable and unjust to amend the record, after the statute of limitations had run against the claim of the plaintiff, by making the respondent, Holland Furnace Company, the defendant in the verdict and judgment obtained against Gill. The court discharged the rule and the plaintiff appealed to this court. The appeal must be dismissed.

The following excerpts from the opinion of Judge JONES of the court below sustain the court's action: "Courts are liberal in allowing amendments, but cannot substitute a new party, as requested here. The suit was originally instituted and tried to a verdict and judgment against J. V. Gill, individually, trading as

Holland Furnace Company, assumed to be a fictitious name, but in fact a Michigan corporation, which had never been served with process and never had an opportunity to defend the case, and now plaintiff attempts to bring the Michigan corporation on to the record under those circumstances, after the statute of limitations has [barred the claim]. In *Girardi v. Laquin Lumber Company*, 232 Pa. 1, suit was begun against 'Laquin Lumber Company, a corporation.' The plaintiff moved the Court for an amendment changing the designation of the defendant to the Laquin Lumber Company, a partnership composed of—(naming them) trading as co-partners. The motion was denied and upon appeal the Appellate Court said: 'The amendment proposed was to name as defendants a partnership composed of six persons, trading as the Laquin Lumber Company. The allowance of the amendment would have brought new parties on the record. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused: *Wright v. Copper Co.*, 206 Pa. 274.' The effect of the amendment in this case is not to correct the name under which the right party is sued, but [to bring] in a new corporation. In *Bender v. Penfield*, 235 Pa. 58 [it was held that] a new cause of action cannot be introduced, nor new parties brought in, nor a new subject-matter presented, nor a vital and material defect in the proceedings be corrected, after the statute of limitations has become a bar. In *Tonge v. Item Publishing Co.*, 244 Pa. 417 it was held that an amendment which would change a judgment which had been entered against a corporation, to a judgment against individuals trading under a firm name, cannot be

allowed before verdict and judgment, and the same result cannot be reached after judgment, by amending the creditor's bill, so as to convert it into a bill to subject individual property to execution under a judgment against the corporation. Plaintiff relied on the case of *Wright v. Eureka Tempered Copper Co.*, 206 Pa. 274. There was a corporation known as the Eureka Tempered Copper Company. Its property was sold by the sheriff. It went out of business but still existed as a corporation. Later the Eureka Tempered Copper Works was chartered, and this corporation succeeded to the business of the Copper Company. Plaintiff, while in the employ of the Copper Works, was injured, and brought a suit to recover damages. Through a mistake of counsel, the defendant named in the writ was the copper company, instead of the copper works. The service of the writ was made on the manager of the latter corporation (copper works), but the sheriff returned it as served on the manager of the copper company, and plaintiff [before trial] obtained a rule to show cause why the record should not be amended by striking out the word 'company' and inserting the word 'works' and the amendment was allowed. This case is distinguishable from the case at bar, because the effect of the amendment was to correct the name under which the right party was sued and served and did not bring in a new party." See also, *Grier Bros. v. Northern Assurance Co.*, 183 Pa. 334, 343, 39 A. 10; *LaBar v. N. Y. S. & W. Railroad*, 218 Pa. 261, 67 A. 413: *Coyne v. Lakeside Electric Ry. Co.*, 227 Pa. 496, 76 A. 224; *Bahas v. Wilczek*, 324 Pa. 212, 188 A. 139; *Scranton Private Hospital v. Caum*, 61 Pa. Superior Ct. 93; *Markowitz v. Ararat Dye Works*, 73 Pa. Superior Ct. 129; *White Co. v. Fayette Auto Co.*, 43 Pa. Superior Ct. 532.

In addition, it may be noted that the present case was not an action brought in the common pleas. The summons was issued by a justice of the peace and the

case came into the common pleas on appeal; hence no original writ issued out of the court of common pleas, which would support an alias writ or supplementary process bringing in new parties. While the case was tried de novo in the common pleas it was tried between the parties to the record in the action as brought before the justice; and although the Act of March 20, 1810, 5 Sm. L. 161, in section IV (p. 164) provides that on the appeal to the common pleas "the cause shall be decided in such court on its facts and merits only; and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action, shall prejudice either party in the court to which the appeal shall be made," and the Act of April 16, 1846, P. L. 353, sec. 2, provides: "That in all actions pending, or hereafter to be brought in the several courts of this commonwealth, said courts shall have power, in any stage of the proceedings, to permit amendments of the record, when it shall appear to them, by any sufficient evidence, that a mistake has been made in the christian name or surname of any party, plaintiff, or defendant; Provided, That if, by such alteration or amendment, the adverse party is taken by surprise, the trial shall be continued until the next court," these statutes authorize amendments *prior to and during the course of the trial,* correcting mistakes in the name—christian or surname—of the plaintiff, or *of a defendant who has been served with process,* but they do not authorize or justify an amendment which, after verdict and judgment, attempts to bring on the record as a defendant, bound by the judgment, one who was not a party to the action as brought, never was served with process during the course of the trial, nor brought in before verdict and judgment by alias summons or rule to appear and plead. See *Pittsburgh v. Eyth,* 201 Pa. 341, 50 A. 769; *Leonard v. Parker,* 72 Pa. 236, 238. On the contrary in *Seitz & Co. v. Buffum*

*& Co.,* 14 Pa. 69, 70, a case originating before a justice of the peace, Mr. Justice ROGERS speaking for the Supreme Court said: "The doctrine of amendments, however, although there is an increasing disposition to allow them, has not yet been carried to the extent of permitting an entirely new party to be added to the suit. The furthest we have yet gone, is, to allow a mistake in the christian, or surname, or in both, to be corrected on application to the court."

In *Doerr v. Graybill,* 24 Pa. Superior Ct. 321, the plaintiff, Regina Doerr, brought an action before an alderman against "George Graybill and wife," and obtained judgment, and a transcript was filed in the common pleas. Nearly four years later a paper signed by the alderman was filed in the common pleas, of the following tenor: "Mrs. Regina Doerr v. George Graybill and Mary Graybill (his wife). In the above suit I hereby certify that there was judgment entered July 26, 1898 for plaintiff in the sum of $79.64 and costs. April 7, 1902 execution issued, and Constable Roerich makes return April 8, 1902, no goods." On April 8, 1902 an attachment in execution, in the common pleas, was issued against "George Graybill and wife (who is Mary Graybill) Defendants, and Christian Yeager and Henry Yeager, executors of Christian Yeager, deceased, garnishees." Mary Graybill thereupon moved to have the attachment dissolved as to her on the ground that there was no judgment to sustain it. While this was pending, the plaintiff moved to amend the transcript, record, and proceedings on the attachment, "so that instead of being George Graybill and wife, which was a mistake, the judgment shall be against George Graybill and Mary Graybill, his wife." The court below discharged the rule to amend the caption and dissolved the attachment. On appeal to the Superior Court, the orders of the lower court were affirmed.

Judge SMITH, speaking for the Superior Court, said: "This case is not within the purview of the statutes under which a misnomer may be amended after judgment. When a party is sued by a wrong name, but appears and defends on the merits, the record may be amended, either before or after judgment, by substituting his true name. In the present case, however, Mary Graybill was not sued by any name, and did not appear to the action. Hence there was nothing to authorize a judgment against her. If she could have been brought in as a defendant, at any stage of the case, it could only be done before the alderman. There is nothing on the record to show that this was ever done. The alderman's certificate of execution to the constable, filed April 8, 1902, though containing her name as a defendant, in the caption, fails to show that it was legally added by way of amendment. Its statement that judgment was entered July 26, 1898, cannot be held to imply that it was at that date entered against Mary Graybill, while, on the contrary, the transcript, certified September 13, 1898, shows that the judgment, as it then stood on the alderman's docket, was against George Graybill and wife, without naming the latter. Whether Mary Graybill should have been made a defendant, either in the first instance or by amendment, whether she had been duly summoned, and whether the evidence warranted a judgment against her, were questions to be decided by the alderman. The common pleas has no power, on the plaintiff's motion, either to review his decision on these questions, or to determine them in the first instance." While not exactly in point, the reasoning in the opinion lends support to the action of the court below.

The appeal is dismissed.