Charles **WAGNER** and Bridget **Wagner**, his wife, Plaintiffs,

v.

**NEW YORK, ONTARIO AND WESTERN RAILWAY**, Defendant.

Civ. A. No. 5364.

United States District Court
M. D. Pennsylvania.

Nov. 20, 1956.

James D. Stone, Walter W. O'Hara, Carbondale, Pa., for plaintiffs.

Paul Bedford, Wilkes-Barre, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

In this diversity·action plaintiffs seek to recover for property damages and in-

juries sustained in a grade crossing accident. Pennsylvania law determines the substantive rights and obligations of the parties. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, at page 78, 58 S.Ct. 817, at page 822, 82 L.Ed. 1188, and see Smith v. Piper Aircraft Corp., D.C.M.D. Pa.1955, 18 F.R.D. 169, at pages 171–175. Suits for personal injuries must be brought within two years; Act of 1895, June 24, P.L. 236, § 2, 12 P.S.Pa. § 34; do, suits by a husband for injuries to his wife. Black v. Eastern Pennsylvania Rys. Co., 1917, 257 Pa. 273, 101 A. 644; six years as to property damages; Act of 1713, March 27, 1 Sm.L. 76, § 1, 12 P.S. § 31.

The complaint named the New York, Ontario and Western Railway, a New York corporation—described as "doing business within the jurisdiction as an interstate common carrier"—as defendant. A summons was promptly issued and executed by the Marshal "on the New York, Ontario and Western Railway by making service on Mr. J. A. Pfeifer, trainmaster in his office in this district."

Before answer or otherwise pleading defendant moved for dismissal of the complaint: (a) because it was not filed within two years; (b) defendant was not "doing business" within the jurisdiction of this court; (c) the court lacks jurisdiction of the defendant; (d) failure to state a claim upon which relief may be granted.

■■■ Where the problem of limitations—normally an affirmative defense, Federal Rules of Civil Procedure, Rule 8(c), 28 U.S.C.A.—is apparent on the face of the pleadings it may be raised on a motion to dismiss; Di Sabatino v. Mertz, D.C.M.D.Pa.1949, 82 F.Supp. 248; Shandelman v. Schuman, D.C.E.D.

Pa.1950, 92 F.Supp. 334; 2 Moore's Fed. Prac. 2d Ed., § 12.10; similarly as to the legal sufficiency of the complaint. In passing upon the motion all well pleaded material allegations are taken as admitted, not conclusions of law or unwarranted deductions of fact. Moore op. cit. supra, Id. § 12.08, p. 2244; Clark v. Uebersee Finanz-Korporation, A.G., 1947, 332 U.S. 480, 482, 68 S.Ct. 174, 92 L.Ed. 88. "No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631, at page 635.[1]

■■ Here the complaint was not filed until two years and two days after the injury. Plaintiffs' brief states that on Friday, the day before, and Saturday, the day on which the two year period expired, they attempted but were unable to file their complaint because the district court had ordered the clerk's office closed temporarily because an extraordinary flood had crippled public utility and other essential facilities in the area. The first day the clerk's office was opened, the complaint was filed and served within two days thereafter.[2] Upon plaintiffs' request, taking judicial notice of our official records, IX Wigmore on Evidence, 3d Ed., § 2579, we find that the clerk's office was closed as indicated. However the attempt to file should be presented by stipulation or affidavit, affording opportunity for denial by opposing counsel.

■■ While the plea of the statute of limitations is a meritorious defense, see cases cited in Carr-Consolidated Biscuit Co. v. Moore, D.C.M.D.Pa.1954, 125 F. Supp. 423, at pages 430–431. "* * *

1. Cf. discussion, Report October 1955, proposed amendments to F.R.C.P. Rule 56(e); Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90, at page 93; Victory v. Manning, 3 Cir., 1942, 128 F.2d 415, at page 417; 2 Moore op. cit. supra, § 12.09 (3).

2. Timely filing commences an action, F.R. C.P. Rules 3, 4(a); service within a rea-

sonable time thereafter is sufficient; Gallagher v. Carroll, D.C.E.D.N.Y.1939, 27 F.Supp. 568; Thomas v. McLean Coal Co., 1949, 97 Pittsb.Leg.J.,Pa., 330; Id., 1951, 79 Pa.Dist. & Co.R. 492, 100 Pittsb.Leg.J. 51; Harris v. Stone, D.C. D.C.1953, 115 F.Supp. 531; see 2 Moore op. cit. supra, § 3.07, p. 746.

most courts recognize a limited class of exceptions arising from necessity * * The broad rule is laid down that whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right, even though the statute makes no specific exception in his favor in such cases." 34 Am.Jur. 152, Limitations of Actions, § 187;[3] Hanger v. Abbott, 1867, 6 Wall. 532, at pages 534, 540, 542, 73 U.S. 532, at pages 534, 540, 542, 18 L.Ed. 939; Braun v. Sauerwein, 1869, 10 Wall. 218, at page 222, 77 U.S. 218, at page 222, 19 L.Ed. 895; United States v. Wiley, 1870, 11 Wall. 508, at page 513, 78 U.S. 508, at page 513, 20 L.Ed. 211; Brown v. Hiatts, 1872, 15 Wall. 177, at page 184, 82 U.S. 177, at page 184, 21 L.Ed. 128; Oerlikon Machine Tool Works Buehrle & Co. v. United States, 1952, 102 F.Supp. 417, at pages 420, 421, 121 Ct.Cl. 616; United States v. Lazenby, D.C.N.D.Tex. 1925, 5 F.2d 827, at page 828, and see F.R.C.P. Rule 6(a), Pennsylvania Statutory Construction Act of 1937, May 28, P.L. 1019, Art. III, § 38, 46 P.S. § 538, where the last day is a Sunday or a holiday. Joint Council, etc. v. Delaware, L. & W. R. Co., 2 Cir., 1946, 157 F.2d 417, at page 420, suggests that Rule 6(a) does not apply until an action is commenced and therefore cannot modify a statute of limitations.[4] Cf. however Wilkes v. United States, 5 Cir., 1951, 192 F.2d 128, and see Union National Bank of Wichita, Kan. v. Lamb, 1949, 337 U.S. 38, at pages 40, 41, 69 S.Ct. 911, at page 912, 93 L.Ed. 1190; Sherwood Bros., Inc., v. District of Col., 1940, 72 App.D.C. 155, 113 F.2d 162; McCord v. Commissioner of Int. Rev., 1941, 74 App.D.C. 369, 123 F.2d 164, at page 165, holding that a court or a department " * * * cannot by rules or conduct limit the time or opportunity for filing given by statute." Jacobs Pharmacy Co., Inc., v. United States, D.C.N.D.Ga., 71 F.Supp. 584, 585, " 'The rule [6a] does not attempt to change a jurisdictional statute, but merely provides a method of computing the statutory period different from that fixed by judicial decision.' " Wilson v. Southern Ry. Co., 5 Cir., 1945, 147 F.2d 165, at page 166.

■ The statute was tolled during the emergency. The complaint was filed on time.

■■ Defendant's motion asserts it is a New York corporation; that it was not doing business within this district; inferentially that Mr. Pfeifer was not its trainmaster; that it was not amenable to service (see Shambe v. Delaware & H. R. Co., 1927, 288 Pa. 240, at page 245, 135 A. 755, at page 757; Goodrich-Amram Standard Pennsylvania Practice, Vol. 13, § 11, p. 132, and Pa.Rules of Civil Procedure, § 2179(a) (2) and § 2179-9, § 2179- 10; 12 P.S.Appendix) ; and that the court does not have jurisdiction of the person of the defendant. Defendant's brief states that by decree of the United States District Court for the Southern District of New York, a trustee has been the owner in control and operation of defendant railway since 1937. (See New York Times, October 21, 1956.) See 11 U.S.C.A. § 205, sub. i, Bankruptcy Act. Upon appointment a receiver or trustee comes into possession and is vested with title to the property of the railroad. Isaacs v. Hobbs Tie and Timber Co., 1931, 282 U.S. 734, at page 737, 51 S.Ct. 270, at page 271, 75 L.Ed. 645; Dugan v. Gardner, D.C.S.D.N.Y.1946, 68 F.Supp. 709, 711, " * * * the railroad company, although its corporate existence may not have terminated, cannot be said to have been doing business * * * cannot be held liable * * * for the negligence of * * * employees of

---

3. As to paramount authority, see Yoder v. Nu-Enamel Corp., 8 Cir., 1944, 145 F.2d 420, at page 427, where the judicial hand effectively blocks enforcement of a party's rights during a particular period.

4. And see Siegelschiffer v. Pennsylvania Mutual Life Ins. Co., 2 Cir., 1917, 248 F. 226; Walters v. Baltimore & O. R. Co., 3 Cir., 1935, 76 F.2d 599, as to time for appeal.

its trustee in re-organization. (Detwiler v. Chicago, R. I. and Pac. Ry. Co., D.C.Minn. 1st Div., 15 F.Supp. 541, 542)"; and see Jakubowski v. Central R. Co. of N. J., D.C.1950, 88 F.Supp. 258.

"A receiver appointed by a court of equity to hold, manage, and operate an insolvent railroad is not the agent of the insolvent railroad corporation, and is not a substitute for the board of directors. He is but the hand of the court appointing him, and holds, manages, and operates the property under the orders and directions of the court as its custodian, and not for or under the control of the directors or shareholders of the corporation. His management is for the benefit of those ultimately entitled under decree of the court. His acts are not the acts of the corporation, and his servants are not the agents or servants of the corporation." Memphis & C. R. Co. v. Hoechner, 6 Cir., 1895, 67 F. 456, at page 457.

"If the plaintiff had no cause of action against the * * * Railroad Company * * * a suit against that company would not be a suit against the receivers, and could not operate to stop the running of the statutory limitation in favor of the receivers." Id., 67 F. 459.

"The appointment of receivers * * was an act of such notoriety * * * that all persons have constructive notice. * * * There was no evidence tending to show any concealment of the facts. Public notices were posted * * * if the plaintiff did not know it, it * * * cannot have the legal effect of suspending the statute of limitations affecting his suit, or estop the receivers from relying upon it." Id., 67 F. 459, 460.

■ Assuming the trusteeship was properly before the court by stipulation, motion for summary judgment and accompanying affidavit, or other competent

evidence; piercing the allegations of the complaint, in the absence of a dispute as to a material fact,[5] it would appear that the railroad company was not doing business in this district at the time in question, was not responsible for the conduct of the train crew, was not subject to process herein and is therefore not a party to the record so as to give the court jurisdiction of the person of the defendant.

The trustee, not the railroad company, was the real party in interest. See 11 U.S.C.A. § 205, sub. j.

An examination of the complaint, summons, and return of service indicates plaintiffs' intention to make the railroad company the party defendant. In fact, plaintiffs' brief argues that the railroad company is the proper party defendant, the real party in interest, and that under Pennsylvania law suit must be brought against the corporation qua corporation, citing Pennsylvania Rule of Civil Procedure 2177. In this respect they are obviously in error. Although adequate opportunity was afforded, plaintiffs have not by motion spelled out their theory by moving to amend the complaint and summons, F.R.C.P. 15(a), (c), the return of service, Id. Rule 4(h), or in any manner moved to substitute the trustee as the proper party defendant. Plaintiffs' brief suggests that if necessary an amendment may be made correctly stating the name of the defendant, citing Pennsylvania Rules, supra, 1033, contending that since there is no question of identity or as to the real name of the defendant that would be merely a formal correction which does not introduce a new cause of action or change the parties to the action. They are arguing at cross purposes.

■ Statutes permitting amendments are to be liberally construed to

5. See note 1 supra, F.R.C.P. Rule 56; Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, at page 627, 64 S.Ct. 724, at page 728, 88 L.Ed. 967. Rule 56 speaks only of pleadings, depositions, admissions on file and affidavits. See Id., 321 U.S. 623, 64 S.Ct. 727, as to allegations in counsels' brief; see Sardo v.

McGrath, 1952, 90 U.S.App.D.C. 795, 196 F.2d 20, at page 23, "Such memoranda are neither mentioned in Rule 56 nor, in our view, may they be classed inferentially among the documents in which extra-pleading matters may be presented for purposes of summary judgment."

give effect to their intent, i. e., to prevent a defeat of justice through mere mistake as to parties or form of action. Thus if the proper party is actually in court and the effect of the amendment is to correct the name under which it has been sued, an amendment will be allowed. Wright v. Eureka Tempered Copper Co., 1903, 206 Pa. 274, 55 A. 978. It is well settled however that an amendment which brings in a new party will not be permitted after the statute has run. In re Fitzgerald's Estate, 1916, 252 Pa. 568, at page 572, 97 A. 935, at page 936. See and cf. Bahas v. Wilczek, 1936, 324 Pa. 212, 215, 216, 188 A. 139, 140. "Plaintiff is not seeking to amend under the Act of April 16, 1846, P.L. 353, § 2, 12 P.S. § 532, or the Act of 1852, P.L. 574, 12 P.S. § 533, by changing or correcting the name of the party to the record  *  * the purpose is to bring in a new party *  *  * if the wrong party was sued *  *  * the right one cannot be brought in by amendment  *  *  * ." And see Thompson v. Peck, 1935, 320 Pa. 27, at page 30, 181 A. 597, at page 598; Coyne v. Lakeside Elec. Ry. Co., 1910, 227 Pa. 496, 76 A. 224. The same rule applies in federal court. See Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262, at page 263; Schram v. Poole, 9 Cir., 1938, 97 F.2d 566, at page 572; Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, at page 642, 45 S.Ct. 633, at page 634, 69 L.Ed. 1129; Lindgren v. United States Shipping Board Merchant Fleet Corp., 4 Cir., 1932, 55 F.2d 117, at page 120; Mellon v. Arkansas Land & Lumber Co., 1928, 275 U.S. 460, 463, 48 S.Ct. 150, 151, 72 L.Ed. 372, "The substitution * * * was not the correction of an error in the name of the defendant, but the bringing in of a different defendant, and was in effect the commencement of a new and independent proceeding * * * ." Mellon v. Weiss, 1926, 270 U.S. 565, at pages 567–568, 46 S.Ct. 378, 70 L.Ed. 736; Philadelphia Life Ins. Co. v. Burgess, D.C.E.D.S.C.1927, 18 F.2d 599, at page 604; Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., D.C.Del.1950, 92 F.Supp. 943, at page 947; Kerner v. Rackmill, D.C. M.D.Pa.1953, 111 F.Supp. 150; see and cf. Weldon v. United States, 1 Cir., 1933, 65 F.2d 748, 749; Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, and see Note 8 A.L.R.2d at pages 174, 176.

The principles in themselves relatively simple are obscured by problems which arise in connection with the application thereof to the facts of the individual cases. Do we have here a case of correction of a misnomer or substitution of a new party defendant? As to the impracticability of applying a subjective standard, see Glint Factors, Inc., v. Schnapp, 2 Cir., 1942, 126 F.2d 207, at pages 209, 210; Professor Moore, Vol. II, op. cit. supra, § 4.44, p. 1042, suggests that "the test should be whether, on the basis of an objective standard, it is reasonable to conclude that plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the person or entity intended; or whether plaintiff actually meant to serve and sue a different person." And see Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27, at page 29. See United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872, at page 873, "If it names them in such terms that every intelligent person understands who is meant * * * courts should not put themselves in the position of failing to recognize what is apparent to everyone else." See Note 8 A.L.R.2d supra, at page 157, as to the measure of neglect or fault.

The court must also consider the admonition that " ' * * * time has long since gone by when the rights of a litigant are to be measured solely by the skill of the pleader.' " Smith v. Piper Aircraft Corp., supra, 18 F.R.D. at page 176, citing cases. But general principles do not decide cases.

What of the service upon the trainmaster? New York Cent. & H. R. Co. v. Kinney, 1922, 260 U.S. 340, at page 346, 43 S.Ct. 122, at page 123, 67 L.Ed. 294, teaches that "when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a

claim against it because of specified conduct, the reasons for the statute of limitations do not exist * * *." But see Miller's Heirs and Devisees v. McIntyre, 1832, 6 Pet. 61, 64, 31 U.S. 61, 64, 8 L.Ed. 320, "Until the defendants were made parties to the bill, the suit cannot be considered as having been commenced against them. It would be a novel and unjust principle, to make defendants responsible for a proceeding of which they had no notice; and where a final decree in the case could not have prejudiced their rights."

The company was under no duty to appear and plead until required to do so in a legal manner. It would not be bound by a judgment until it was properly brought upon the record. Barrilo v. Frank, 1935, 116 Pa.Super. 461, at page 463, 177 A. 58, at page 59; City of Pittsburgh v. Eyth, 1902, 201 Pa. 341, 50 A. 769; United States ex rel. Rauch v. Davis, 1925, 56 App.D.C. 46, 8 F.2d 907; Sanders v. Metzger, supra, 66 F.Supp. at page 264.

■ While notice to the agent when it is the duty of the agent to act upon such notice or communicate it to his prin-cipal in the proper discharge of his duty as agent is notice to the principal (St. Louis Fire & Marine Ins. Co. v. Witney, D.C.M.D.Pa.1951, 96 F.Supp. 555, at page 561, and see Id. as to knowledge) Davis v. L. L. Cohen & Co., supra, 268 U.S. at page 641, 45 S.Ct. at page 634, and its progeny, teach by analogy that the trustee would not be bound by the service in question.[6]

Ordinarily the train crew would report the accident, the trainmaster the attempted service, to their superiors, the trustees. Plaintiffs no doubt wish to recover from those actually responsible. Suit was however delayed until the last moment; the complaint and summons directed against and service made upon the company, plaintiffs' counsel insisting the company was the proper defendant, the real party in interest, and the one required to be sued by Pennsylvania law. Counsel were obviously mistaken as to the law and the facts. See and cf. Note, 8 A.L.R.2d at 158, citing cases. Having taken that position, how can we find they did not sue the wrong party and that what they now suggest in the alternative is the substitution of a new party?[7]

---

6. See e. g., United States v. A. H. Fischer Lumber Co., supra; Waugh v. Steelton Taxicab Co., 1952, 371 Pa. 436, 89 A.2d 527; Dress v. Schuylkill County Railway Co., 83 Pa.Super. 149; Bowles v. Marx Hide & Tallow Co., D.C.W.D.Ky.1945, 4 F.R.D. 297; Godfrey v. Eastern Gas and Fuel Associates, D.C.D.Mass.1947, 71 F.Supp. 175; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., D.C.N.J.1947, 74 F.Supp. 791, affirmed, D.C., 81 F.Supp. 357, and cf. Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725.

Acknowledging that in Davis v. L. L. Cohen & Co., supra, and its progeny, sovereign consent to be sued gave rise to the principle of strict construction, see Finn v. United States, 1887, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; United States ex rel. Rauch v. Davis, supra, 8 F.2d at page 909; Phoenix State Bank & Trust Co. v. Bitgood, D.C.Conn.1939, 28 F.Supp. 899, and see Knickerbocker Fuel Co. v. Mellon, 2 Cir., 1927, 22 F.2d 500, as to the statute itself; (see and cf. Grandey v. Pacific Indemnity Co., supra, 217 F.2d at page 29), merely be-cause service upon the trainmaster would be sufficient in an action against the trustee is not controlling. See Note 8 A.L.R. 2d 160.

7. In the following cases, under their peculiar facts, the court allowed amendment to correct a misnomer: Longsdorf v. Pennsylvania Greyhound Lines Inc., D.C., 148 F.Supp. 476; Wright v. Eureka Tempered Copper Co., supra; McGinnis v. Valvoline Oil Works, Ltd., 1916, 251 Pa. 407, 96 A. 1038; Waugh v. Steelton Taxicab Co., supra; United States v. A. H. Fischer Lumber Co., supra; Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., supra (conduct of defendant); Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 317; Sechrist v. Palshook, D.C.M.D.Pa. 1951, 97 F.Supp. 505; Godfrey v. Eastern Gas and Fuel Associates, supra (conduct of defendant); Grandey v. Pacific Indemnity Co., supra; Dress v. Schuylkill County Railway Co., supra (conduct of defendant); Deupree v. Levinson, 6 Cir., 1950, 186 F.2d 297, at page 302; Bowles v. Marx Hide & Tallow Co., supra.

Granting the trend toward liberality, the desire that cases be decided upon their merits, and that justice be done between the parties, the statute of limitations in aim and purpose is a part of the law and should not be expunged by interpretation from the statute books. See Carr-Consolidated Biscuit Co. v. Moore, supra, 125 F.Supp. 423; Anderson v. Brady, D.C.1946, 7 F.R.D. 84.

Upon proof of the trusteeship, in the absence of countervailing evidence, the complaint will be dismissed.