## Welling v. Libertini

*Robert L. Webster*, for plaintiff.

*Ira B. Coldren*, of *Coldren & Adams*, for defendant.

BANE, P. J., August 2, 1971.—This matter is before the court on a rule to show cause why a complaint should not be amended to add a new party defendant, after the statute of limitations has run on the cause of action.

John E. Welling, a minor, and his father, Donald E. Welling, filed an action in trespass to recover for the

son's personal injuries, and the father to recover for the loss of the son's services, his son's medical expenses and for property damages to his own car, all arising from an automobile accident which occurred on April 27, 1969.

Plaintiffs allege in their complaint, filed on April 13, 1971, that the minor plaintiff, while driving his father's car on old U.S. 40 in Brownsville, Fayette County, Pa., had stopped to wait for a car in front of him to make a left turn, when a third automobile struck plaintiff's car in the rear.

In the complaint filed, plaintiffs named one defendant, David Libertini, as the driver of the vehicle which struck plaintiff's car. It was further alleged that David was driving the car of his father, Martin Libertini.

On May 3, 1971, after the two-year statute of limitations had run, but within the period of the 20-day notice to plead to the complaint, defendant, David Libertini, filed his answer denying he had operated the car in question, or any other automobile, at the time and place alleged by plaintiffs. On the contrary, he averred that the automobile involved in the collision was operated by his son, Martin Libertini.

Plaintiffs then moved to amend their complaint on May 30, 1971, to substitute Martin Libertini as the defendant for the originally named David Libertini.

The issue before us, then, is the very narrow question of whether or not a complaint in trespass may be amended to substitute a new party defendant after the statute of limitations has run on the cause of action.

The Pennsylvania Rule of Civil Procedure concerning amendments reads as follows:

"A party, either by filed consent of the adverse party or by leave of the court, may at any time change the form of action, correct the name of a party or

amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted": 12 PS App. R. C. P. 1033.

Rule 126 of the Rules of Civil Procedure provides that all rules are to be liberally construed, and, while adhering to such liberal construction, the courts have set limits beyond which the parties may not go.

Mr. Justice Stern, writing for an unanimous Supreme Court in Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23 (1947), stated the well-established rule as follows, at page 29:

"The question for determination is whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party."

This rule was recently applied in the case of Saracina v. Cotoia, 417 Pa. 80 (1965). The facts set forth therein are almost identical to those in the instant case. Our Supreme Court, in a four-to-three decision, held that the amendment was properly dismissed by the lower court in regard to the proposed change in party, stating (page 83) ". . . an amendment of the complaint, after the statute of limitations has run, to bring in a new and distinct party to the action cannot be permitted: Thompson v. Peck, 320 Pa. 27, 30, 181 A.597; Girardi v. Laquin Lumber Co., 232 Pa. 1, 2, 81 A.63; Wagner v. New York, Ontario and Western Railway, 146 F. Supp. 926."

There appears to be no doubt that plaintiffs intended to bring this action against the operator of the

vehicle, Martin Libertini, rather than the father, David Libertini. For whatever reason, misunderstanding or otherwise, plaintiffs named David Libertini as defendant in their complaint. The present amendment seeks to add a new and distinct party, which defendant contends is beyond rule 1033, supra. In the Saracina case, supra, the Supreme Court tells us (page 84) that "the effect of allowing an amendment in this case would be to introduce a new party after the statute of limitations has run and, in effect, to modify the statute of limitations which this Court cannot and should not do."

We can only conclude that plaintiffs' petition to amend should be dismissed and the rule discharged.

### ORDER

And now, August 2, 1971, upon and after due consideration, plaintiffs' petition to amend is hereby dismissed and the rule discharged.